**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

L.J., individually and on behalf of B.A.J., a child
with a disability,

Plaintiff,

-v-

NEW YORK CITY DEPARTMENT OF
EDUCATION, NEW YORK CITY BOARD OF
EDUCATION, and DAVID BANKS, in his official
capacity as Chancellor of the New York City School
District,

Defendants.

Case No. 23-cv-7267 (ER)(SDA)

Hon. Edgardo Ramos

**MEMORANDUM OF LAW IN**
**SUPPORT OF PLAINTIFF'S**
**MOTION TO SEAL**

GLENN AGRE BERGMAN & FUENTES LLP
Nathan J. Ades - ID No. 5851852
Olga L. Fuentes-Skinner ID No. 4073029
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
(212) 970-1620

ADVOCATES FOR CHILDREN OF NEW YORK, INC.
Rebecca C. Shore ID No. RS5158
151 West 30th Street, 5th Floor
New York, New York 10001
(212) 822-9574

*Attorneys for Plaintiffs*

Plaintiff L.J. moves for an order sealing certain exhibits submitted in connection with Plaintiff's Motion for Summary Judgment filed on behalf of her daughter B.A.J.  The categories of information sought to be sealed are documents that refer to the medical and educational records of B.A.J., a minor.  (Exs. 1-25 of the Ades Decl., Exs. 1-7 of the Shore Decl. and Exs. 1-9 of the Rodriguez Decl.) (collectively "Confidential Information").

In this Circuit, "there is a presumption of access to documents submitted on a summary judgment motion." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006); *see also id*. ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).  This presumption has its roots in both a common law tradition of public access to "judicial documents," which allows the public to monitor federal courts' exercise of their judicial power, and a "qualified First Amendment right" to attend court proceedings and access the judicial documents historically available to the general public. *Id.* at 119-20 (internal quotations omitted). Both of these foundations entail similar analyses:  Under the common law approach, the court considers the materiality of the redacted information to the adjudication and then "must balance competing considerations"; under the First Amendment approach, courts consider whether "experience and logic" require access and whether the redacted documents are a "necessary corollary" to attending judicial proceedings, and then must specifically determine, on the record, whether "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. at 119-20 (internal quotations omitted).  "The party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y.2009).

Confidential Information about B.A.J., which includes personal, medical, and educational information, is the type of information that overcomes the presumption stated in *Lugosch*, 435 F.3d 110 as there are several compelling reasons for it to remain under seal.  *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1136 (10th Cir. 2011) ("Nearly every document in the volume at issue includes the name of, and/or personal information of, and/or personal and private medical information relating to Mr. S's minor son . . . (w)e therefore find that Mr. S has satisfied this heavy burden").

Courts have found that there are compelling reasons to seal the personal and medical information of a minor.  *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657 (N.D. Cal. Jan. 6, 2019) ("This information is sealable because of the strong interest in "preserv[ing] privacy in a matter of sensitive and highly personal nature."" (quoting *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015)).  "The [sealing of] personal information of the minor, including birth year and home address, is also justified in order to "protect [the minor's] privacy interest[s] and to prevent exposure to harm or identify theft." (quoting *Nursing Home Pension Fund v. Oracle Corp.,* 2007 WL 3232267 (N.D. Cal. Nov. 1, 2007)).  Further, documents that contain "personal information" about a minor's educational history should also remain under seal as a minor has "a privacy interest in [his] school records."  *See Oakstone Cmty. Sch. v. Williams*, 2012 WL 1185988 (S.D. Ohio Apr. 9, 2012).

Exhibits 1-25 of the Ades Declaration, Exhibits 1-7 of the Shore Declaration, and Exhibits 1-9 of the Rodriguez Declaration explicitly include the full name of B.A.J., a minor, and draw reference to and provide details of her medical and educational records.  The medical and educational records of B.A.J. constitute sensitive personal information and public access to such information would directly impede B.A.J.'s right to privacy, which outweighs the general public's interest in

access to public records.  The breach of a right to privacy affects a person's dignity and disclosure

of such Confidential Information creates a risk of improper use which can cause social and economic

harm such as embarrassment and discrimination at future places of employment.  B.A.J. has a

superseding interest in avoiding the disclosure of personal and sensitive information.  Availing a

FAPE, a statutory entitlement under Section 504 of the Rehabilitation Act and the Individuals with

Disabilities Education Act, should not curtail B.A.J.'s right to privacy.  Therefore, the Plaintiff on

behalf of B.A.J. asks the Court to maintain the Confidential Information under seal, based on the

compelling reasons stated hereinabove, so as not to prejudice the rights and future of B.A.J.

Pursuant to the Court's Individual Rules and Practices in Civil Cases, Rule 4.B.i, the parties

conferred about this sealing motion and Defendants' do not oppose Plaintiff's request to file these

exhibits under seal.

Dated:  New York, NY
        February 9, 2024

GLENN AGRE BERGMAN & FUENTES LLP

By: */s/ Nathan Joseph Ades*
    Nathan Joseph Ades

Nathan J. Ades - ID No. 5851852
Olga L. Fuentes-Skinner ID No. 4073029
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
(212) 970-1620

ADVOCATES FOR CHILDREN OF NEW YORK, INC.

Rebecca C. Shore ID No. RS5158
151 West 30th Street, 5th Floor
New York, New York 10001
(212) 822-9574

*Attorneys for Plaintiffs*

4