UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L.J., individually and on behalf of B.A.J., a child with a disability, <br><br>                     Plaintiff, <br><br> -v- <br> NEW YORK CITY DEPARTMENT OF EDUCATION, NEW YORK CITY BOARD OF EDUCATION, and DAVID BANKS, in his official capacity as Chancellor of the New York City School District, <br><br>                     Defendants. | **Declaration in Support of Motion for Attorney Fees and Costs** <br><br> Case No. 23-cv-7267 (ER)(SDA) <br><br> Hon. Edgardo Ramos |

I, Jared Stein, an attorney licensed to practice in the State of New York, affirm under penalty of perjury:

1. I am an attorney duly admitted to practice in Massachusetts, New York, and in the United States District Court of the Southern District of New York.

2. I received my Bachelor's degree from Cornell University in 2001, my Juris Doctorate from the University of Michigan Law School in 2004, and my Master's degree from the University of Michigan School of Social Work in 2005.

3. I began my career as a Staff Attorney at Advocates for Children of New York ("Advocates") in 2006. I represented parents without financial resources in special education claims filed on behalf of their children against the New York City Department of Education. While at Advocates, I was first promoted to an Assistant Project Director and then a Project Director; I held the latter position until leaving the firm in spring 2020.

4. During my tenure at Advocates, I also served as an adjunct professor in the Graduate School of Social Work at Columbia University and Fordham University, respectively. Additionally, I served on the Board of Directors for the National Association for the Education of Homeless Children and Youth.

5. In 2020, I joined the Law Office of Michelle Siegel, PLLC, a small law firm practicing exclusively in the area of Special Education and Disability Rights. I represent parents, with and without financial means, in special education claims filed on behalf of their children against the New York City Department of Education. In 2021, I was promoted to a Partner.

6. Beside litigating my own caseload, I supervise all aspects of litigation conducted by our other litigators.

8. The practice of special education law is both complex and specialized. Our firm's demands for due process involve multiple issues including but not limited to the following: particularized educational and/or psychiatric evaluations conducted in one or more languages, claims for discrimination on the basis of disability, specialized school placements/programs, pendency and preliminary injunctions, parents' language access rights, transportation accommodations, tolling/exceptions to the statute of limitations, educational rights to which students in foster care or who are experiencing homelessness are entitled, the educational needs of children and youth who have survived trauma, and compensatory remedies to help redress past educational deprivations. Because of this complexity, *pro se* litigants face immense disadvantages at hearing; several of my clients tried to represent themselves only to be told by an impartial hearing officer that the lack of representation is imperiling their otherwise legitimate claims.

9. Approximately one-third of our clients cannot afford to pay attorney fees and expenses and yet their children with disabilities have legitimate claims.  We agree to take those cases on contingency that we will prevail under the fee shifting provision of the IDEA. As such, those clients agree to cooperate in recovery of attorney fees from the school district, namely the Department of Education.

10. Since at least 2021, I have billed the New York City Department of Education at the rate of $500.00 an hour, which I believe reflects comparable rates within the Eastern and Southern Districts of New York for similarly situated attorneys in the field of Special Education. I have received countless payments from the Department at this hourly rate in settlement of my fees.

11. In my experience, the New York City Department of Education makes no discernable effort to minimize the costs associated with special education due process claims.  Oftentimes, during prehearing conferences, my opponent either declines to confirm whether it intends to discharge its legal burdens or asserts they intend to vigorously do so by calling multiple witnesses; yet in the overwhelming majority of cases, it is not until disclosure, a mere five business days before a case is scheduled for hearing, that the District reveals its affirmative case will be limited to the submission of documents alone.  This brinkmanship by the Department has resulted in hundreds of hours of attorney billing that could and should have been avoided; at the same time, it would be unethical for me to presume the Department will curtail the presentation of its case absent express confirmation in a specific matter and fail to fully prepare.  Similarly, the Department is routinely unwilling or unable to utilize mediation, resolution agreements and/or mandatory pre-hearing settlement conferences to reduce or eliminate the need for costly litigation.  In fact, in the school year that began on July 1, 2023, our Office has seen a precipitous drop in the number of cases even being considered for any form of settlement.  The Department is, at best, woefully

3

inconsistent in its commitment to controlling the administrative costs of special education litigation.  Finally, in my years of practice in this field and locale, the demand for legal representation has always outstripped the supply, an observation that holds true even for families with the means to pay for an attorney.  In New York City, the absence of lawyers is a true rarity and undermines the notion that those who practice have a reasonable chance of being highly, let alone overly, compensated.

12. I am submitting this declaration for the purposes stated herein. I have no specific knowledge of the fee applications or hourly billing in the instant case.

13. I declare under penalty of perjury that the foregoing is true and correct.

Signed in New York, New York

Dated: February 7, 2024

Jared Stein, Esq.