Index No. 23-cv-07267

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J.L., Individually and on behalf of J., B. A.,
a child with a disability,

                                                        Plaintiffs,

                        -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                                                        Defendant.


**MEMORANDUM OF LAW**


*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Lauren Howland*
*Tel:  (212) (212) 356-2016*
*Matter #:  2023-078909*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ....................................................................................iii

PRELIMINARY STATEMENT ...............................................................................1

STATEMENT OF FACTS ........................................................................................5

LEGAL STANDARD.................................................................................................5

ARGUMENT

    I.   AFC/LTL REJECTED DOE'S EXCEEDINGLY GENEROUS WRITTEN OFFERS OF SETTLEMENT, WASTING JUDICIAL RESOURCES, IN PURSUIT OF UNJUST WINDFALL *VIA* FEES MOTION ...............................................................6

    II.  THE HOURLY RATES "BILLED" BY PLAINTIFF ARE UNREASONABLE .............................................................................8

           A.  *Johnson* Factors (1) Time and Labor Required; (2) Novelty and Difficulty; and (3) Level of Skill Required: Rates Should be Reduced Due to Lack of Complexity......................................9

           B.  *Johnson* Factors (4) Preclusion of Employment, and (5) Customary Rate, and (6) Fee Structure: AFC/GABF's Rates are Not Customary or Necessary...................................14

           C.  *Johnson Factors* (7) Time Limitations (8) Results Obtained Support Reduced Rates ................................................16

           D.  *Johnson* Factors (10) Undesirability, (11) Client Relationship, and (12) Awards in Similar Cases: This Matter was Desirable and Similar to Other Cases.................v

           E.  The Hourly Rates for AFC Support Staff Should Also Be Reduced.................................................................................17

    III. PLAINTIFF'S BILLING RECORDS REFLECT EXCESSIVE BILLING..................................................................17

           1)  Excessive Billing for the Administrative Proceedings.....................................18

**Page**

      i)   Excessive Vague Entries...................................................................19

      ii)  Excessive Billing Too Far in Advance of the Due Process Complaint...............................................................19

      iii) Excessive Use of 0.1 Entries .................................................20

      iv) Excessive Billing for Due Process Complaint....................................21

      v)  Excessive Billing for Hearing Preparation.........................................22

  2)   Excessive Billing for the Federal Action..........................................................23

      i)   Overbilling for Drafting the Complaint and Initiating Documents ...........................................................24

      ii)  Overbilling for Drafting Letter Submissions to the Court ...........................................................................24

      iii) Overbilling for Memorandum of Law ("MOL") and Declarations ...............................................................25

CONCLUSION...................................................................................................................25

**<u>TABLE OF AUTHORITIES</u>**

**<u>Cases</u>**                                                                                                         **<u>Page(s)</u>**

*A.D. v. New York City Dep't of Educ.*,
    18-CV-3347 (VEC), 2019 U.S. Dist. LEXIS 47238
    (S.D.N.Y. Mar. 21, 2019) .................................................................................14, 22

*A.G. v. New York City Dep't of Educ.*,
    20-cv-7577 (LJL), 2021 U.S. Dist. LEXIS 201748
    (S.D.N.Y. Oct. 19, 2021) .................................................................................10, 12

*A.S.*,
    23-4580 (JPC)(VF) .................................................................................25

*Andert v. Allied Interstate, LLC*,
    12 Civ. 7010 (PAC), 2013 U.S. Dist. LEXIS 104422
    (S.D.N.Y. July 13, 2013) .................................................................................20

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,
    522 F.3d 182 (2d Cir. 2008).................................................................................6, 25

*A.W. v. Dep't of Educ.*,
    20-cv-6799 (JPC)
    (S.D.N.Y. Mar. 10, 2022) .................................................................................10

*B.B. v. New York City Dep't of Educ.*,
    17-CV-4255 (VEC)(SDA), 2018 U.S. Dist. LEXIS 38271
    (S.D.N.Y. Mar. 8, 2018) .................................................................................1, 5

*B.C. v. New York City Dep't of Educ.*,
    21-cv-2840 (ER), 2023 U.S. Dist. LEXIS 34370
    (S.D.N.Y. Mar. 1, 2023) .................................................................................3, 6, 8, 9, 21, 22

*Bowman v. Maygina Realty*,
    14-CV-5423 (JMF), 2016 U.S. Dist. LEXIS 87347
    (S.D.N.Y. July 6, 2016) .................................................................................16

*Brennan v. City of Middletown*,
    18 Civ. 6148 (PED), 2020 U.S. Dist. LEXIS 120195
    (S.D.N.Y. July 8, 2020) .................................................................................15

*C.B. v. New York City Dep't of Educ.*,
    18 Civ. 7337 (CM), 2019 U.S. Dist. LEXIS 111636
    (S.D.N.Y. July 2, 2019) .................................................................................4, 12, 13, 14, 22, 24

*C.C.*,
    23-cv-4580 (JPC) .................................................................................25

**Cases**                                                       **Pages**

*C.D. v. Minisink Valley Cent. Sch. Dist.*,
    17-cv-7632 (PAE), 2018 U.S. Dist. LEXIS 134646
    (S.D.N.Y. Aug. 9, 2018) ...................................................................................14

*C.M. v. New York City Dep't of Educ.*,
    21-CV-05799 (VSB)(BCM), 2022 U.S. Dist. LEXIS 156612
    (S.D.N.Y. Aug. 29, 2022) .................................................................................13

*Canaveral v. Midtown Diner NYC, Inc.*,
    19-CV-635 (GBD)(JLC), 2019 U.S. Dist. LEXIS 151080
    (S.D.N.Y. Sept. 5, 2019) ..................................................................................20

*D.P. v. New York City Dep't of Educ.*,
    21 Civ. 27 (KPF), 2022 U.S. Dist. LEXIS 5002
    (S.D.N.Y. Jan. 10, 2022) .................................................................................10

*Durso v. Modern Food Ctr., Inc.*,
    17 Civ. 7324 (LAK)(GWG), 2018 U.S. Dist. LEXIS 101607
    (S.D.N.Y. June 18, 2018) .................................................................................16

*E.F. v. New York City Dep't of Educ.*,
    11 Civ. 5243 (GBD)(FM), 2012 U.S. Dist. LEXIS 16394
    (S.D.N.Y. Feb. 6, 2012) .................................................................................9, 14

*E.W. v. New York City Dep't of Educ.*,
    21-CV-11208 (VEC)(GWG), 2023 U.S. Dist. LEXIS 132773
    (S.D.N.Y. July 31, 2023) ...................................................................................7

*Errant Gene Therapeutics, LLC v. Sloan- Kettering*,
    286 F. Supp. 3d 585 (S.D.N.Y. 2018)...............................................................5

*F.N. v. New York City Dep't of Educ.*,
    21-CV-3379 (JPO), 2022 U.S. Dist. LEXIS 148346
    (S.D.N.Y. Aug. 18, 2022) ...............................................................................8, 12

*F.R. v. New York City Dep't of Educ.*,
    22-CV-1776 (VEC), 2023 U.S. Dist. LEXIS 161935
    (S.D.N.Y. Sept. 13, 2023) ......................................................................4, 7, 13, 14

*G.T. v. New York City Dep't of Educ.*,
    18-CV-11262 (GDB)(BCM), 2020 U.S. Dist. LEXIS 25557
    (S.D.N.Y. Feb. 12, 2020) .................................................................................14

**Cases** **Pages**

*Goodwin v. Hawker Dayton Corp.*,
    19 Civ. 4284 (LGS)(GWG), 2019 U.S. Dist. LEXIS 203159
    (S.D.N.Y. Nov. 22, 2019) ....................................................................15

*Guang Ping Zhu v. A Plus Kitchen Inc.*,
    16-CV-5767 (VSB)(KNF), 2019 U.S. Dist. LEXIS 91728
    (S.D.N.Y. May 29, 2019)......................................................................15

*H.A. v. New York City Dep't of Educ.*,
    20 Civ. 10785 (PAE), 2022 U.S. Dist. LEXIS 33561
    (S.D.N.Y. Feb. 25, 2022) ................................................................10, 20

*H.C. v. New York City Dep't of Educ.*,
    20-CV-844 (JLC), 2021 U.S. Dist. LEXIS 113620
    (S.D.N.Y. June 17, 2021),
    *aff'd*, 71 F.4th (2d Cir.).............................................8, 9, 10, 11, 17, 20, 22

*H.W. v. New York City Dep't of Educ.*,
    1:21-cv-8604 (JLR), 2023 U.S. Dist. LEXIS 151361
    (S.D.N.Y. Aug. 28, 2023) ..................................................................7, 12

*H.W. v. New York City Dep't of Educ.*,
    20-CV-10591 (RA), 2022 U.S. Dist. LEXIS 31987
    (S.D.N.Y. Feb. 23, 2022) ....................................................................10

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)...............................................................................5

*Hernandez v. Berlin Newington Assocs., LLC*,
    699 F. App'x 96 (2d Cir. 2017) .............................................................6

*J.G. v. New York City Dep't of Educ.*,
    23 Civ. 959 (PAE), 2024 U.S. Dist. LEXIS 30403
    (S.D.N.Y. Feb. 22, 2024) ......................................................................7

*J.P. v. New York City Dep't of Educ.*,
    21 Civ. 10961 (PAE), 2023 U.S. Dist. LEXIS 40952
    (S.D.N.Y. Mar. 10, 2023) ................................................................11, 21

*J.R. v. New York City Dep't of Educ.*,
    19-CV-11783 (RA), 2021 U.S. Dist. LEXIS 146057
    (S.D.N.Y. Aug. 4, 2021) ......................................................................10

*J.S. v. Carmel Cent. Sch. Dist.*,
    7:10-cv-8021 (VB), 2011 U.S. Dist. LEXIS 82169
    (S.D.N.Y. July 26, 2011) .....................................................................22

**Cases**                                                                                                              **Pages**

*John v. Demaio*, *Sheet Metal Workers*,
    13-cv-7741 (PAE), 2015 U.S. Dist. LEXIS 108646
    (S.D.N.Y. Aug. 18, 2015) .................................................................................16

*K.E. v. New York City Dep't of Educ.*,
    21 Civ. 2815 (KPF), 2022 U.S. Dist. LEXIS 172839
    (S.D.N.Y. Sept. 23, 2022) .................................................................................8

*K.L. v. Warwick Valley Cent. Sch. Dist.*,
    12 Civ. 6313 (DLC), 2013 U.S. Dist. LEXIS 126933
    (S.D.N.Y. Sept. 5, 2013),
    *aff'd*, 584 F. App'x 17 (2d Cir. 2014) .....................................................12

*L.L. v. New York City Dep't of Educ.*,
    20-CV-2515 (JPO), 2022 U.S. Dist. LEXIS 25047
    (S.D.N.Y. Feb. 9, 2022) ...........................................................................10, 21

*L.M. v. New York City Dep't of Educ.*,
    21 Civ. 11175 (AT)(BCM), 2023 U.S. Dist. LEXS 42964
    (S.D.N.Y. Mar. 14, 2023) ...................................................................3, 13, 23

*Lochren v. County of Suffolk*,
    344 F. App'x 706 (2d Cir. 2009) ...............................................................6

*Lunday v. City of Albany*,
    42 F.3d 131 (2d Cir. 1994) .........................................................................17

*M.B. v. New York City Dep't of Educ.*,
    22-CV-6405 (JPC)(SN), 2024 U.S. Dist. LEXIS 13836
    (S.D.N.Y. Jan. 24, 2024) ....................................................................7, 11, 22

*M.D. v. New York City Dep't of Educ.*,
    20 Civ. 6060, 2021 U.S. Dist. LEXIS 132930
    (S.D.N.Y. July 16, 2021) .................................................. 10, 11, 20, 21-22

*M.D. v. New York City Dep't of Educ.*,
    21-CV-9180 (LGS)(KHP), 2022 U.S. Dist. LEXIS 193659
    (S.D.N.Y Mar. 17, 2023) ...........................................................................23

*M.H. v. New York City Dep't of Educ.*,
    20-cv-1923 (LJL), 2021 U.S. Dist. LEXIS 190419
    (S.D.N.Y. Oct. 1, 2021) ..................................................................10, 12, 13, 14

*M.M. v. New York City Dep't of Educ.*,
    20 Civ. 6915 (ER), U.S. Dist. LEXIS 13319
    (S.D.N.Y. Aug. 2, 2022) ...........................................................................21

**Cases**                                                                                      **Pages**

*M.R. v. New York City Dep't of Educ.*,
    21-CV-05503 (VEC), 2022 U.S. Dist. LEXIS 107886
    (S.D.N.Y. Oct. 31, 2022) ......................................................................................2, 7, 9, 11

*M.Z. v. New York City Dep't of Educ.*,
    21 Civ. 9451 (AT), 2023 U.S. Dist. LEXIS 42998
    (S.D.N.Y. Mar. 14, 2023) ..................................................................................................8

*Medina v. Bother*,
    15-cv-1955 (LAP), 2019 U.S. Dist. LEXIS 156139
    (S.D.N.Y. Sept. 12, 2019) ................................................................................................15

*N.A. v. New York City Dep't of Educ.*,
    21 Civ. 2643 (PGG)(SLC), 2022 U.S. Dist. LEXIS 223646
    (S.D.N.Y. Dec. 12, 2022) ..............................................................................................8, 12

*N.G.B. v. New York City Dep't of Educ.*,
    21-cv-11211 (LJL), 2023 U.S. Dist. LEXIS 55632
    (S.D.N.Y. March 30, 2023) ............................................................................................7, 10

*N.L.-C. v. New York City Dep't of Educ.*,
    20 Civ. 8243 (ER), 2022 U.S. Dist. LEXIS 48720
    (S.D.N.Y. Mar. 18, 2022) .........................................................................................9, 18, 19

*O.R. v. New York City Dep't of Educ.*,
    340 F. Supp. 3d 367 (S.D.N.Y. 2018)...........................................................................14, 18

*Olaechea v. City of New York*,
    17-CV-4797 (RA), 2022 U.S. Dist. LEXIS 142037
    (S.D.N.Y. Aug. 9, 2022) ..................................................................................................15

*Pasini v. Godiva Chocolatier, Inc.*,
    17-CV-1812 (VEC), 2018 U.S. Dist. LEXIS 233709
    (S.D.N.Y. May 21, 2018)
    *aff'd*, 764 F. App'x 94 (2d Cir. 2019)...............................................................................1

*R.G. v. New York City Dep't of Educ.*,
    18-CV-6851 (VEC), 2019 U.S. Dist. LEXIS 166370
    (S.D.N.Y. Sept. 26, 2019) .......................................................................................14, 21, 24

*R.M. v. New York City Dep't of Educ.*,
    21-CV-11210 (PGG)(VF), 2024 U.S. Dist. LEXIS 26152
    (S.D.N.Y. Jan. 22, 2024).............................................................................................18, 21

**Cases**                                                                                                   **Pages**

*R.P. v. New York City Dep't of Educ.*,
    21-CV-4054 (JMF), 2022 U.S. Dist. LEXIS 76873
    (S.D.N.Y. Apr. 27, 2022) ..........................................................................................7, 10

*Raja v. Burns*,
    43 F.4th 80 (2d Cir. 2022) ..........................................................................................19

*S.F. v. New York City Dep't of Educ.*,
    21 Civ. 11147 (PAE), 2023 U.S. Dist. LEXIS 121020
    (S.D.N.Y. July 13, 2023) ..................................................................................4, 13, 14

*S.H. v. New York City Dep't of Educ.*,
    21-cv-4967 (LJL), 2022 U.S. Dist. LEXIS 14385
    (S.D.N.Y. Jan. 26, 2022) ..........................................................................................10

*S.J. v. New York City Dep't of Educ.*,
    20 Civ. 1922 (LGS), 2021 U.S. Dist. LEXIS 6180
    (S.D.N.Y. Jan. 12, 2021) ......................................................................................14, 23

*S.J. v. New York City Dep't of Educ.*,
    1:20-cv-01922 (LGS)(SDA), 2020 U.S. Dist. LEXIS 194258
    (S.D.N.Y. Oct. 20, 2020) ............................................................................................6

*S.W. v. New York City Dep't of Educ.*,
    22 Civ. 3592 (LGS)(JW), 2023 U.S. Dist. LEXIS 158642
    (S.D.N.Y. Sept. 7, 2023) ..............................................................14, 17, 19, 23, 25

*Swartz v. HCIN Water St. Assocs., Ltd. Liab. Co.*,
    17 Civ. 4187 (ER), 2018 U.S. Dist. LEXIS 186255
    (S.D.N.Y. Oct. 31, 2018) ..........................................................................................15

*T.A. v. New York City Dep't of Educ.*,
    1:21-cv-7104-GHW, 2022 U.S. Dist. LEXIS 149319
    (S.D.N.Y. Aug. 19, 2022) ...................................................................................8, 12, 17

*T.P. v. New York City Dep't of Educ.*,
    22-cv-9413 (PAE), 2024 U.S. Dist. LEXIS 40265
    (S.D.N.Y. Mar. 7, 2024) ............................................................................ 7, 21, 22-23

*Torres v. Gristedes Operating Corp.*,
    519 F. App'x 1 (2d Cir. 2013) ....................................................................................5

*V.W. v. New York City Dep't of Educ.*,
    20-cv-2376 (RA), 2022 U.S. Dist. LEXIS 1289
    (S.D.N.Y. Jan. 4, 2022) ..........................................................................................10

**Cases** **Pages**

*V.W. v. New York City Dep't of Educ.*,
   21 Civ. 6495 (PGG)(KHP), 2023 U.S. Dist. LEXIS 49911
   (S.D.N.Y. Mar. 23, 2023) ............................................................................7

*Y.S. v. Dep't of Educ.*,
   21-cv-5878 (JPC)
   (S.D.N.Y. Dec. 6, 2023)................................................................................7

**Statutes**

20 U.S.C. § 1415(i)(3)(B) ................................................................................5

20 U.S.C. § 1415(i)(3)(B)(i) ............................................................................1

20 U.S.C. § 1415(i)(3)(C) ................................................................................5

20 U.S.C. § 1415(i)(3)(D) ................................................................................5

20 U.S.C. § 1415(i)(3)(D)(i) ........................................................................6, 8

20 U.S.C. § 1415(i)(3)(E) ................................................................................5

20 U.S.C. § 1415(i)(3)(F) ................................................................................5

42 U.S.C. § 1983 .................................................................................14, 15, 16

Fed. R. Civ. P. 11 ...........................................................................................15

Fed. R. Civ. P. 12(b) ......................................................................................15

Fed. R. Civ. P. 12(c) ......................................................................................15

Fed. R. Civ. P. 50 ...........................................................................................15

Fed. R. Civ. P. 56 ...........................................................................................15

Fed. R. Civ. P. 56.1 ....................................................................................5, 25

## PRELIMINARY STATEMENT

Defendant, New York City Department of Education ("DOE"), submits this opposition to Plaintiff's motion for an award of attorneys' fees and costs pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"). Plaintiff seeks **$60,606.50** for work purportedly performed by Advocates for Children of New York, Inc. ("AFC") and Glenn Agre Bergman & Fuentes, LLP ("GABF") (**$52,681.00** billed for IHO Case No. 185855 and **$11,060.00**[1] for federal action). As a prevailing party, Plaintiff may recoup *reasonable* fees and costs pursuant to 20 U.S.C. §1415(i)(3)(B)(i), but may not "soak" its "opponent." *See B.B. v. New York City Dep't of Educ.*, 17-cv-4255 (VEC)(SDA), 2018 U.S.Dist LEXIS 38271, at *6 (S.D.N.Y. March 8, 2018):

> Although the Court concurs with Plaintiffs' arguments that attorneys who practice in the area of IDEA and other similar civil rights areas must be adequately compensated for their time, fee-shifting statutes are not a license to soak one's opponent or to engage in a highly inefficient practice of law.

"This case brings to mind the Southern adage: pigs get fat and hogs get slaughtered." *Pasini v. Godiva Chocolatier, Inc.,* 2018 U.S. Dist. LEXIS 233709 (S.D.N.Y.) *aff'd* 764 Fed. ). No reasonable client would pay the excessive billing at issue here. Indeed, apparently seeing an opportunity for a fee windfall in the instant action, Plaintiff now seeks from the Court a higher rate ($290/hour)[2] for their primary biller in the administrative proceeding than that previously sought ($270/hour) in their January 4, 2021 fee application to Defendant ("Fee Application"). *See* Plf. Memorandum of Law in Support of Motion for Summary Judgment ("Plf. Mem.") at 17, ECF No. 36-4 at 8-13. In any event, Wallach's requested rates for both this fees motion and Plaintiff's claim

---

[1] GABF's billing records present rates for each biller at both a "GABF Rate" and, in the alternative, a lower "AFC Rate". If billed at the GABF Rate, Plaintiff's demand for the federal action amounts to $24,366.50.

[2] Whereas the chart provided by Plaintiff (ECF No. 29 at 21-22) requests $290/hour for N. Wallach, the body of the memorandum states that "The rate of  $270 for Ms. Wallach…is appropriate." (*Id*. at 23). Further to the confusion, billing provided to Defendant on Sept. 19, 2023, requested a rate of $290/hour for N. Wallach, whereas Plaintiff's fee claim submitted to DOE  on Jan. 11, 2021, requested $270/hour for the same work.  The Court should deem Plaintiff's papers as arguing for $270/hour.

for fees submitted to DOE  prior to filing the instant action are vastly inflated compared to her contemporaries in S.D.N.Y.—as are generally the unchanged rates for other billers here (e.g., $420/hour for M. Lenaghan and R. Shore, $375/hour for R. Rodriguez, $290/hour for N. Wallach, $270/hour for D. Aragundi). *See M.R. v. N.Y.C. Dep't of Educ.* (hereinafter "NYCDOE"), 21-cv-5503(VEC)(S.D.N.Y. October 31, 2022) (Assigning hourly rates of $367.50 to senior attorneys, $210.00/hour for mid-level associates, and $168.00/hour to junior attorney).

Secondly, the administrative hearing did not raise novel or difficult questions weighing in favor of lower rates. Parents alleged that the DOE failed to provide a free appropriate public education ("FAPE") for school years 2012-13 through 2019-20, seeking relief such as nonpublic school placement, compensatory services and transportation, relief frequently requested by IDEA practitioners, including AFC, in administrative hearings. *See* Hillman Decl., ¶7. Moreover, the hearing was minimally contested, with Defendant presenting no Prong I case, and presenting no witnesses or exhibits. *Id,.* ¶¶6-7.

Finally, if the Court determines that Plaintiffs are entitled to less than **$36,000.00**[3] for work performed up to July 24, 2023 (the date of Defendant's first written offer ("Offer"), *see* the Decl. of Hillman Decl., ¶12) or **$40,200.00**[4] for work performed up to Dec. 11, 2023 (the date of Defendant's second Offer; *see* the Declaration of Marina Moraru ("Moraru Decl."), dated March 8, 2024, ¶26)—as it respectfully should—the Court should "cap" recoverable billed hours and costs as of that date. *See e.g.*, *B.C. v. NYCDOE*, 21-cv-2840  (Your Honor) (applying IDEA fee cap).

---

[3] The $36,000.00 offered by Defendant ("Offer 1") does not represent fair compensation, but rather operates as a "fee cap" because it was offered as an early settlement to avoid burdening the Court with the filing of the instant action, just as Defendant did in the 18 additional "fee cap" decisions issued by S.D.N.Y. Judges in the past few months as discussed in POINT I *infra*.

[4] The $54,900.00 offered by Defendant ("Offer 2") does not represent fair compensation, but rather operates as a "fee cap" because it was offered as an early settlement to avoid burdening the Court with motion practice, just as Defendant did in the seven additional "fee cap" decisions issued by S.D.N.Y. Judges in the past few months as discussed in POINT I *infra*.

Indeed, for the reasons discussed below, the DOE respectfully requests that the Court award no more than **$31,560.55** for work performed on the administrative proceeding and <u>no</u> recovery for work performed on the federal action; or, alternatively, no more than **$32,724.55** for both the administrative proceeding and the federal action.  Defendant calculates these numbers: (a) (1) using rates of $375/hour for M. Lenaghan (admitted in 1999; 25 years of IDEA experience) and R. Shore (admitted in 1999, 16 years of IDEA experience), $300/hour for R. Rodriguez (admitted in 2010; 9 years of IDEA experience), $225/hour N. Wallach (admitted in 2015; 6 years of IDEA experience) and N. Ades (admitted in 2021, 3 years of IDEA experience), $150/hr.[5] for D. Aragundi (admitted in 2016; 5 years of IDEA experience), $100/hour for Brianna Kitchelt[6] and O. Skinner Fuentes[7], and $100/hour for all paralegal work[8]; and (2) reducing by 30% the administrative hours billed; and (b) for work performed on the federal fees action: (i) reduce all assigned hourly rates for work on this simple fees motion by 10% as Judge Torres did in *L.M. v. NYCDOE*, 21-cv-11175 (AT)(BCM), 2023 U.S. Dist. LEXIS 26078 (S.D.N.Y. March 14, 2023) (adopting M.J. Moses' R&R reducing attorney hourly rates for federal action work by 10%):

> "I recommend an hourly rate of $400 for Mr. Cuddy's (minimal) supervisory work in the on the underlying administrative proceeding. For his <u>fees-on-fees work</u> in this Court, I recommend a 10% discount, bringing his hourly rate for that portion of the case [from $400/hour] to $360. … Mendillo's role as lead counsel at the due process hearing and his success in that proceeding, I recommend an hourly rate of $320 for his administrative work and $288 for his work in this Court, where he has no special expertise.[9]

---

[5] The rate accounts for the clerical nature of the work for which D. Aragundi billed.

[6] The rate accounts for the minimal contribution (0.3 hours) B. Kitchelt billed toward this matter up until December 11, 2023, the date of Offer 2, and for the fact that B. Kitchelt is not yet admitted to practice law in New York. *See* ECF No. 29 at 25.

[7] The rate accounts for the minimal contribution O.Skinner-Fuentes billed toward this matter (0.2 hours).

[8] While it appears that Plaintiff no longer seeks fees for paralegal work performed by A. Bai and G. Molina in the administrative proceeding, Defendant has included these amounts in the chart below to demonstrate the over-valued nature of of the July 24, 2023 and Dec. 11, 2023 Offers which should earn the fee cap.

[9] Alternatively, the Court should adopt the emerging approach in this avalanche of IDEA fees motions and

*Id.* at 16; and $100/hour for all paralegal work; and (ii) and reducing by 80% billed hours on the federal work up until the date of DOE's second Offer (if the Court finds Plaintiff is entitled to recover at all for the federal work).

| Biller | Billed Rate | Billed Hours | Billed Total | Adjusted Rate | Adjusted Hours | Adjusted Total |
|---|---|---|---|---|---|---|
| **ADMINISTRATIVE PROCEEDING RECOMMENDATION** | | | | | | |
| Nicole Wallach (AFC) | $290 | 155.2 | $41,515.00 | $225 | 155.2 | $34,920.00 |
| Rita Rodriguez-Engberg (AFC) | $375 | 13.2 | $4,950.00 | $300 | 13.2 | $3,960.00 |
| Matthew Lenaghan (AFC) | $420 | 12.1 | $5,082.00 | $375 | 12.1 | $4,537.50 |
| Diana Aragundi (AFC) | $270 | 4.2 | $1,134.00 | $150 | 4.2 | $630.00 |
| G. Molina (AFC) | - | - | - | $100 | 10.9 | $1,009.00 |
| A. Bai (AFC) | - | - | - | $100 | 0.3 | $30.00 |
| Subtotal | | 195.9 | $52,681.00 | | 195.9 | $45,086.50 |
| Less 30% Reduction ($13,525.95) | | | | | | $31,560.55 |
| Expenses | | | $0.00 | | | $0.00 |
| **Total** | | | **$52,681.00** | | | **$31,560.55** |
| **FEDERAL PROCEEDING RECOMMENDATION**[10] | | | | | | |
| Nathan Ades | $210 | 29.1 | $6,110.00 | $202.50 | 14.7 | $2,976.75 |
| Rebecca Shore (AFC) | $420 | 5.9 | $2,478.00 | $337.50 | 1.5 | $506.25 |
| Edward Lee | $150 | 1.7 | $255.00 | $100 | 1.7 | $170.00 |
| N. Sielo Arias | $150 | 1.1 | $165.00 | $100 | 1.1 | $110.00 |
| Brianna Kitchelt (AFC) | $290 | 5.4 | $1,566.00 | $100 | 0.3 | $30.00 |
| Olga L. Skinner-Fuentes (AFC) | $420 | 0.2 | $84.00 | $100 | 0.2 | $20.00 |
| Subtotal | | 42.3 | $10,658.00 | | 19.5 | $3,813.00 |
| Less 80% Reduction ($3,050.40) | | | | | | $762.60 |
| Filing Fee | | | $402.00 | | | $402.00 |
| **Total** | | | **$11,060.00** | | | **$1,164.00** |

assign $200/hour for all attorney hours billed for the federal action in accord with Judge McMahon's decision in *C.B.*, 18-cv-7337 (CM), 2019 U.S. Dist. LEXIS 111636, Judge Engelmayer's decision in *S.F. v. N.Y.C. Dep't of Educ.*, 21-cv-11147 (PAE) (S.D.N.Y. July 13, 2023) (assigning $200/hr. for all 23.92 hours allowed billed by senior attorney with 25 years a complex civil right litigation); Judge Caproni's decision (adopting M.J. Gorenstein's Report & Recommendation) in *F.R.*, 22-cv-1776 (VEC)(GWG) (S.D.N.Y. Sept. 13, 2023) (assigning $200/hour for attorney with 20 years of experience for work on an IDEA fees action), and Judge McMahon's decision in *C.B.*, 18-cv-7337 (CM) (S.D.N.Y. July 2, 2019) (assigning $200/hr. for associate with two years IDEA experience who performed "cookie-cutter" work in federal action and reducing the hourly rate for 24.3 hours billed by two senior attorneys time post-DOE's written offer to $200/hr.)

[10] Excludes time billed subsequent to December 11, 2023, the date of Offer 2.

4

## STATEMENT OF FACTS

Plaintiff is a prevailing party in the administrative proceeding below and thus entitled to reasonable fees and costs. Plaintiff demands unreasonable hourly rates and bills excessively. Pursuant to Rule 56.1, Defendants respectfully refer the Court to Defendants' Response to Plaintiffs' Undisputed Statement of Material Facts, filed the same day as this opposition.

## LEGAL STANDARD

A "court…may award reasonable attorneys' fees…to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)-(F). But "[f]ee-shifting statutes are not a license to soak one's opponent." *B.B.*, 2018 U.S. Dist. LEXIS 38271, at \*6. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). When requested rates "exceed[] the hourly rate prevailing in the community" of practitioners, or "the time spent…w[as] excessive considering the nature of the…proceeding…the court shall reduce, accordingly, the amount of the attorneys' fees awarded." *Id*. The "Court may take judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Errant Gene Therapeutics, LLC v. Sloan- Kettering*, 286 F. Supp. 3d 585, 588 (S.D.N.Y. 2018). The Second Circuit has "directed consideration of the case-specific variables…including the *Johnson* factors—in setting a reasonable hourly rate." *Torres v. Gristedes Operating Corp.*, 519 F. App'x 1–4 (2d Cir. 2013).[11]

---

[11] "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008). "*Arbor Hill* did not hold that district courts must recite and make separate findings as to all twelve Johnson factors." *Lochren v. Cnty. of Suffolk*, 344 F. App'x 706, 709 (2d Cir. 2009); *S.J.*, 2020 U.S. Dist. LEXIS 194258, at \*7 (same).

The court "must exclude '[h]ours that are excessive, redundant, or otherwise unnecessary...'"
*Hernandez v. Berlin Newington Assocs., LLC*, 699 F. App'x 96, 97 (2d Cir. 2017).

**ARGUMENT**

**I.  AFC/LTL REJECTED DOE'S EXCEEDINGLY GENEROUS WRITTEN OFFERS OF SETTLEMENT, WASTING JUDICIAL RESOURCES, IN PURSUIT OF UNJUST WINDFALL *VIA* FEES MOTION**

In the event that this Court awards a total amount under $36,000.00 for all work performed up through July 24, 2023—the date of the first Offer (see Hillman Decl., ¶12) (or alternatively under $40,200.00 for all work performed up through Dec. 11, 2023—the date of the second formal settlement offer (*see* Moraru Decl., ¶26)) Plaintiff should not be awarded any further compensation.  Pursuant to the IDEA, services performed after a written offer of settlement are not compensable if "the court . . . finds that the relief finally obtained by the parents is not more favorable to the parents than the offer." 20 U.S.C. § 1415(i)(3)(D)(i).

In the interest of early settlement of these IDEA fees-only claims—and to relieve the Court of needless motion practice—Defendant carefully analyzes plaintiffs' fee claims and provides appropriate offers. For example, in *B.C. v. DOE,* 21-cv-2840, Your Honor applied the IDEA fee cap cutting off recovery for work performed after Defendant served a written offer in that case.

As borne out by the eighteen recent IDEA fees decisions and reports and recommendations cited below, Defendants' early offers often exceed the eventual awards plaintiffs obtain through motion practice.  In each of those decisions, plaintiffs were precluded from recovery fees for all work performed after the date of DOE's written offer.[12]

---

[12] (i) *T.P.,* 22-cv-9413 (PAE) (S.D.N.Y. March 7, 2024) ((a) full demand $46,252.45, (b) DOE December 13, 2022 Offer $23,000.00, (c) ***FEE CAP***: Plaintiff's total billing through December 13, 2022 at Court's hourly rates is $20,310.53, (d) $20,310.53 total recommended award ($19,009.88 admin. work, $898.65 fees on fees, $402.00 costs); **38.1%** recovery, demand versus award);

 (ii) *J.G.,* 23-cv-959 (PAE) 2024 U.S. Dist. LEXIS 30403 (S.D.N.Y. Feb. 22, 2024) ((a) full demand $113,484.62, (b) DOE May 26, 2023 Offer $54,300.00, (c) ***FEE CAP***: Plaintiff's total billing through May

6

26, 2023 at Court's hourly rates is $53,050.13, (d) $53,050.13 total recommended award ($50,415.60 admin. work, $1,970.41 fees on fees, $664.12 costs); **46.7%** recovery, demand versus award);

(iii) *M.B.*, 22-cv-6405 (JPC)(SN) 2024 U.S. Dist. LEXIS 13836 (S.D.N.Y. Jan. 24, 2024) ((a) full demand $70,282.95, (b) DOE March 17, 2023 Offer $23,000.00, (c) ***FEE CAP***: Plaintiff's total billing through March 17, 2023 at Court's hourly rates is $19,174.40, (d) $19,174.40 total recommended award ($16,192.55 admin. work, $2,548.00 fees on fees, $433.85 costs); **27.3%** recovery, demand versus award);

(iv) *Y.S. v. DOE*, 21-cv-5878 (JPC) (S.D.N.Y. Dec. 6, 2023) (oral ruling; (a) full demand $91,499.09, (b) DOE Jan. 19, 2022 Offer $32,100.00, (c) ***FEE CAP***: Plaintiff's total billing through Jan. 19, 2022 at Court's hourly rates is $25,223.73, (d) $25,223.73 total award (no admin. work fees, $24,812.63 fees on fees, $411.10 costs); **27.6%** recovery, demand versus award);

(v) *F.R. v. DOE*, 22-cv-1776 (VEC)(GWG) (S.D.N.Y. Sept. 13, 2023) ((a) full demand $$85,366.24, (b) DOE Nov. 3, 2022  Offer $40,750.00, (c) ***FEE CAP***: Plaintiff's total billing through that date at Court's hourly rates is $39,760.37, (d) $39,760.37 total award ($37,629.97 admin. work, $2,130.40 fees on fees, $402 costs); **47%** recovery, demand versus award);

vi) *H.W.*, 21-cv-8604 (JLR), 2023 U.S. Dist. LEXIS 151361 (S.D.N.Y. Aug. 28, 2023) ((a) full demand $42,929.50, (b) DOE Dec. 14, 2022 Offer $27,434.00, (c) ***FEE CAP***: Plaintiff's total billing through that date at Court's hourly rates is $21,386.29, (d) $21,386.29 total award ($13,352.66 admin. work, $7,631.63 fees on fees, $402 costs); **49.8%** recovery, demand versus award);

(vii) *E.W.*, 21-cv-11208 (VEC)(GWG), 2023 U.S. Dist. LEXIS 132773 (S.D.N.Y. July 31, 2023) ((a) full demand $93,993.35, (b) DOE Oct. 7, 2022 Offer $38,000.01, (c) ***FEE CAP***: Plaintiff's total billing through that date at Court's hourly rates is $37,661.08, (d) $37,661.08 total award ($32,912.50 admin. work, $4,247.78 fees on fees, $500.80 costs); **40.1%** recovery, demand versus award);

(viii) *M.R.*, 21-cv-5503 (VEC)(SN) (S.D.N.Y. July 26, 2023) ((a) full demand $84,884.87, (b) DOE Oct. 5, 2021 Offer $28,000.00, (c) ***FEE CAP***: Plaintiff's total billing through Oct. 5 at Court's hourly rates is $25,840.94, (d) $25,840.94 total award ($23,729.99 admin. work, $1,350.38 fees on fees, $760.57 costs); **30.5%** recovery, demand versus award);

(ix) *R.P.,* 21-cv-4054 (JMF), 2022 U.S. Dist. LEXIS 76873 (S.D.N.Y. Apr. 27, 2022) (fully briefed Oct. 26, 2021; (a) full demand $56,340.58, (b) DOE July 7, 2021 Offer $19,192.50, (c) ***FEE CAP***: Plaintiff's total billing through that date at the Court's hourly rates is $18,007.02, (d) $18,007.02 total award ($16,014.00 admin. work, $1,524.25 fees on fees, $468.77 costs); **32%** recovery, demand versus award);

(x) *but see N.G.B.,* 21-cv-11211 (LJL), 2023 U.S. Dist. LEXIS 55632 (S.D.N.Y. March 30, 2023) ((a) full demand $$44,090.04, (b) DOE June 3, 2022 Offer $17,000.00, (c) ***FEE CAP achieved (not applied, issue on appeal at Second Circuit)***: Plaintiff's total billing through that date at Court's hourly rates is $14,500.00, (d) $20,899.25 total award ($10,396.00 admin. work, $10,093.75 fees on fees, $409.50 costs); **47.4%** recovery, demand versus award);

(xi) *V.W.*, 21-cv-6495 (PGG)(KHP), 2023 U.S. Dist. LEXIS 49911 (S.D.N.Y. March 23, 2023) ((a) full demand $59,438.31, (b) DOE Feb. 24, 2022 Offer $27,500.00, (c) ***FEE CAP***: Plaintiff's total billing through that date at Court's hourly rates is $27,340.47, (d) $27,340.47 total award ($22,358.17 admin. work, $4,371.50 fees on fees, $610.80 costs); **46%** recovery, demand versus award);

(xii) *M.Z.*, 21-cv-9451 (AT), 2023 U.S. Dist. LEXIS 42998 (S.D.N.Y. March 14, 2023) ((a) full demand $43,778.36, (b) DOE Jan. 28, 2022 Offer $16,000.00, (c) ***FEE CAP***: Plaintiff's total billing through that date at Court's hourly rates is $15,819.86, (d) $15,819.86 total award ($14,274.00 admin. Work, $897.50 fees on fees, $648.36 costs); overall **36%** recovery, demand versus award);

(xiii) *B.C.*, 21-cv-2840 (ER), 2023 U.S. Dist. LEXIS 34370 (S.D.N.Y. March 1, 2023) ((a) full demand $46,074.07, (b) DOE Aug. 13, 2021 Offer $21,000.00, (c) ***FEE CAP***: Plaintiff's total billing through Aug. 13 at Court's hourly rates is $17,326.03, (d) $17,326.03 total award ($15,415.60 admin. work, $1,240.50 fees on fees, $669.93 costs); overall **37.6%** recovery, demand versus award);

(xiv) *N.A.*, 21-cv-2643 (PGG)(SLC), 2022 U.S. Dist. LEXIS 223646 (S.D.N.Y. Dec. 12, 2022) ((a) full demand $94,846.83, (b) DOE Aug. 2, 2021 Offer $29,720.00, (c) ***FEE CAP***: Plaintiff's total billing through

For all the reasons set forth below, this Court should find that the IDEA's fee cap applies as of July 24, 2023 (or alternatively as of Dec. 11, 2023).

## II.   THE HOURLY RATES "BILLED" BY PLAINTIFF ARE UNREASONABLE

Plaintiff requests hourly rates for AFC/LTL attorneys that exceed the rates generally awarded to IDEA attorneys in this district without providing evidence in support.

While Plaintiff's counsel has presented no persuasive evidence with respect to the *Johnson* factors in support of their requested rates they nevertheless ask the Court to assign rates based on "*round-robin*" "practitioner declarations" (*See* ECF Nos. 30-33)—which many S.D.N.Y. judges, including Your Honor, have rejected. (*See, e.g., M.M. v NYCDOE,* (ER) (S.D.N.Y. Aug. 2, 2022) 2022 U.S. Dist. LEXIS 137319, at *fn. 9.; *B.C.*, 21-cv-2840 (ER) (S.D.N.Y. Aug. 9, 2022), 2022 U.S. Dist. LEXIS 142136, at *fn. 2); *E.F. v. NYCDOE*, 11-cv-5243 (GBD)(FM), 2012 U.S. Dist. LEXIS 16394, at *11 (S.D.N.Y. Feb. 6, 2012) (emphasis added)).

### A.   *Johnson* Factors (1) Time and Labor Required; (2) Novelty and Difficulty; and (3) Level of Skill Required: Rates Should be Reduced Due to Lack of Complexity[13]

---

Aug. 2 at Court's hourly rates is $26,500.05, (d) $26,500.05 total award ($24,670.00 admin. work, $1,217.50 fees on fees, $612.55 costs); **28%** recovery, demand versus award);

(xv) *K.E.,* 21-cv-2815 (KPF), 2022 U.S. Dist. LEXIS 172839 (S.D.N.Y. Sept. 23, 2022) ((a) full demand $161,489.74, (b) DOE Aug. 27, 2021 Offer $67,500.00, (c) ***FEE CAP***: Plaintiff's total billing through Aug. 27 at Court's hourly rates is $63,083.27, (d) $63,083.27 total award ($57,531.75 admin. work, $4,277.50 fees on fees, $1,274.02 costs); **39%** recovery, demand versus award);

(xvi) *T.A.,* 21-cv-7104 (GHW), 2022 U.S. Dist. LEXIS 149319 (S.D.N.Y. Aug. 19, 2022) ((a) full demand $48,158.25, (b) DOE Feb. 8, 2022 Offer $20,256.90, (c) ***FEE CAP***: Plaintiff's total billing through Feb. 8 at Court's hourly rates is $19,079.50, (d) $19,079.50 total award ($16,552.50 admin. work, $1,782.50 fees on fees, $744.50 costs); **39.5%** recovery, demand versus award);

(xvii) *F.N.*, 21-cv-3379 (JPO), 2022 U.S. Dist. LEXIS 148346 (S.D.N.Y. Aug. 18, 2022) ((a) full demand $49,681.40, (b) DOE Aug. 5, 2021 Offer $21,022.50, (c) ***FEE CAP***: Plaintiff's total billing through Aug. 5 at Court's hourly rates was $19,927.00, (d) $19,927.00 total award ($17,882.00 admin. work, $1,577.00 fees on fees, $468.00 costs); **40.1%** recovery, demand versus award); and

(xviii) *H.C.,* 20-cv-844 (JLC), 2021 U.S. Dist. LEXIS 113620 (S.D.N.Y. June 17, 2021) (fully briefed Dec. 1, 2020; (a) full demand $92,531.19, (b) DOE Oct. 7, 2020 Offer $40,000.01, (c) ***FEE CAP***: award ($33,981.20 admin. work, $4,003.20 fees on fees, $966.91 costs); **42%** recovery, demand versus award).

[13] Hourly rates for work performed on the simple fee application in the federal action should be substantially reduced, as discussed *infra* at § III.2 i-iii.

There is nothing unique or nuanced about the simple administrative proceeding at issue here that would warrant rates higher than those given to the most experienced and successful IDEA practitioners in this district. *See generally M.R.*, 21-cv-5503(VEC).

The administrative proceeding below was uncontested, with a hearing occurring over only one day, and with DOE presenting no witnesses or exhibits.  In *B.C. v. DOE*, 21-cv-2840 (ER) (S.D.N.Y. Aug. 9, 2022), Your Honor awarded $420/hour to senior attorneys and $300/hour to junior attorneys for a matter involving and uncontested administrative proceeding.  But in *B.C.,* the majority of the time was billed by mid-level attorneys—not the case here—who were awarded $300/hour.  Here, the majority of the attorney time billed in the administrative proceeding was by N. Wallach, a junior attorney who, billing at $270/hour, evidently did not have the requisite experience to expend only a reasonable amount of time litigating this case; and therefore does not warrant a rate of $290/hour, being that the work should have been delegated to more seasoned attorneys, properly billing in or around $300/hour or higher. Moreover, in *N.L.-C. v DOE*, 20-cv-8243 (ER) (S.D.N.Y. Mar. 18, 2022), Your Honor, assigning $400/hour to senior attorneys determined that 55 hours billed for an uncontested administrative proceeding was "well under the reductions imposed by courts in in this district similar cases," and therefore "reasonable."  That AFC would have incurred less fees here billing a senior attorney at $400/hour for 55 hours ($22,000.00), or even 100 hours ($40,000.00), strains the justification of billing a less experienced attorney at $290/hour for 154.4 hours[14] ($44,776.00).

Further, last year, the Second Circuit weighed in on reasonably hourly rates in IDEA fees cases involving the Cuddy Law Firm ("CLF") in *H.C. v. NYCDOE*, 20-cv-844 (JLC), 2021 U.S. Dist.

---

[14] Noting that 154.4 hours cover only the time billed by N.Wallach, and that AFC billed a staggering 195.1 hours in total.

LEXIS 113620 (S.D.N.Y. June 17, 2021), *aff'd*, 71 F.4th 120 (2d Cir. 2023). [15] There, the Circuit

affirmed fourteen unrelated decisions on the CLF's IDEA fees motions in cases against the New

---

[15] *H.C.* heard 14 CLF appeals *in tandem* and affirmed each one, and for ease of reading, those affirmance citations (*i.e.*, *aff'd*, 71 F.4th 120 (2d Cir. 2023)) to each of those cases are omitted:

(i) *R.P.,* 21-cv-4054 (JMF), 2022 U.S. Dist. LEXIS 76873 (S.D.N.Y. Apr. 27, 2022) (fully briefed Oct. 26, 2021; (a) full demand $56,340.58, (b) DOE July 7, 2021 Offer $19,192.50, (c) *FEE CAP*: CLF's total billing through that date at the Court's hourly rates is $18,007.02, (d) $18,007.02 total award ($16,014.00 admin. work, $1,524.25 fees on fees, $468.77 costs), **32%** CLF recovery, demand versus award);

(ii) *N.G.B.,* 20-cv-6571 (JGK), 2022 U.S. Dist. LEXIS 47068 (S.D.N.Y. March 16, 2022) (fully briefed Oct. 15, 2021; (a) full demand $80,740.14, (b) no DOE Offer, (c) $34,384.52 total award ($13,573.00 admin. work, $20,200.00 fees on fees, $611.52 costs), **42.5%** recovery, demand versus award);

(iii) *A.W.*, 20-cv-6799 (JPC) (S.D.N.Y. March 10, 2022) (oral ruling; fully briefed Oct. 15, 2021; (a) full demand $108,597.75, (b) DOE April 12, 2021 Offer $39,000.00, (c) $61,374.17 total award ($43,151.00 admin. work, $17,662.00 fees on fees, $561.17 costs), **56.5%** recovery, demand versus award);

(iv) *H.A.,* 20-cv-10785 (PAE), 2022 U.S. Dist. LEXIS 33561 (S.D.N.Y. Feb. 25, 2022) (fully briefed Oct. 22, 2021; (a) full demand $47,094.05, (b) no DOE Offer, (c) $22,866.73 total award ($8,918.00 admin. work, $13,229.60 fees on fees, $719.13 costs); **48.5%** recovery, demand versus award);

(v) *H.W.,* 20-cv-10591 (RA), 2022 U.S. Dist. LEXIS 31987 (S.D.N.Y. Feb. 23, 2022) (fully briefed Jan. 21, 2022; (a) full demand $109,639.43, (b) DOE Dec. 30, 2020 Offer $54,500.00—no fee cap despite CLF entitled to less than $54,500.00 as of date of Offer because CLF was substantially justified in rejecting Offer due to outstanding implementation issues, (c) $59,680.53 total award ($46,462.50 admin. work, $12,715.00 fees on fees, $503.03 costs), **54.4%** recovery, demand versus award);

(vi) *L.L.,* 20-cv-2515 (JPO), 2022 U.S. Dist. LEXIS 25047 (S.D.N.Y. Feb. 9, 2022) (fully briefed July 28, 2021; (a) full demand $86,456.39, (b) no DOE Offer, (c) $33,239.49 total award ($23,731.00 admin. work, $8,876.00 fees on fees, $632.49 costs); **38.5%** recovery, demand versus award);

(vii) *S.H.,* 21-cv-4967 (LJL), 2022 U.S. Dist. LEXIS 14385 (S.D.N.Y. Jan. 26, 2022) (fully briefed Jan. 5, 2022; (a) full demand $63,720.00, (b) no DOE Offer, (c) $35,647.45 total award ($26,450.00 admin. work, $8,320.50 fees on fees, $876.95 costs); **56%** recovery, demand versus award);

(viii) *D.P.,* 21-cv-27 (KPF), 2022 U.S. Dist. LEXIS 5002 (S.D.N.Y. Jan. 10, 2022) (fully briefed Aug. 30, 2021; (a) full demand $69,676.70, (b) no DOE written offer ("Offer"), (c) $31,581.70 total award ($20,378.50 admin. work, $10,290.00 fees on fees, $913.20 costs); **45.3%** recovery, demand versus award)

(ix) *V.W.,* 20-cv-2376 (RA), 2022 U.S. Dist. LEXIS 1289 (S.D.N.Y. Jan. 4, 2022) (fully briefed July 26, 2021; (a) full demand $88,095.76, (b) no DOE Offer, (c) $48,377.21 total award ($29,256.50 admin. work, $17,862.50 fees on fees, $1,258.21 costs); **55%** recovery, demand versus award);

(x) *A.G.,* 20-cv-7577 (LJL), 2021 U.S. Dist. LEXIS 201748 (S.D.N.Y. Oct. 19, 2021) (fully briefed June 18, 2021; (a) full demand $54,651.00, (b) no DOE Offer, (c) $22,834.52 total award ($10,694.50 admin. work, $10,924.00 fees on fees, $1,216.02 costs); **41.8%** recovery, demand versus award);

(xi) *M.H.,* 20-cv-1923 (LJL), 2021 U.S. Dist. LEXIS 190419 (S.D.N.Y. Oct. 1, 2021) (fully briefed July 23, 2021; (a) full demand $191,436.65, (b) no DOE Offer, (c) $99,699.88 total award ($56,487.00 admin. work, $42,542.00 fees on fees, $670.88 costs); **52%** recovery, demand versus award);

(xii) *J.R.,* 19-cv-11783 (RA), 2021 U.S. Dist. LEXIS 146057 (S.D.N.Y. Aug. 4, 2021) (fully briefed Feb. 23, 2021; (a) full demand $76,902.15, (b) no DOE Offer, (c) $41,532.75 total award ($20,540.00 admin. work, $18,986.40 fees on fees, $2,006.35 costs); **54%** recovery, demand versus award);

(xiii) *M.D.,* 20-cv-6060 (Your Honor), 2021 U.S. Dist. LEXIS 132930 (S.D.N.Y. July 16, 2021) (fully briefed Feb. 15, 2021; (a) full demand $67,596.73, (b) no DOE Offer, (c) $29,039.95 total award ($21,787.50 admin. work, $6,695.00 fees on fees, $557.45 costs); **43%** recovery, demand versus award);

York City DOE (with the exception of reversing the denial of any travel time in *M.D.*), affirming (a) hourly rate ranges of $350/hour to $420/hour for senior CLF attorneys, $200/hour to $310/hour for midlevel attorneys, and $150/hour to $250/hour for junior attorneys, (b) two "fee cap" Opinions and (c) reductions to billed time in all fourteen cases, with total awards reduced to as low as **32% recovery** (total demand versus award), and average recovery versus demand of **47.25%**.

Plaintiff provides no evidence that this matter was in any way novel or required higher skill than the average IDEA case. The only reference to the nature of this case Plaintiff offers is an affirmative statement that the student in question has an intellectual disability. There is no evidence to suggest that the student's diagnosis made this case more difficult to litigate FAPE issues than it would otherwise have been, nor is there any evidence that this case took more skill than a standard contested IDEA dispute. *See* Hillman Decl., ¶7.

There is nothing unique or nuanced about the simple administrative proceeding at issue here that would warrant rates higher than those assigned in recent fees decisions, including *M.B. v. NYCDOE*, 22-cv-6405 (JPC)(SN) (S.D.N.Y. Jan. 24, 2024) (R&R recommending senior attorneys $380/hour, mid-level attorneys $250/hour, junior attorney $200/hour), *M.D. v. NYCDOE,* 20-cv-6060 (LGS) (assigning senior attorneys $375/hour) and *H.C.,* 20-cv-844 (JLC) (assigning senior attorneys/founder $360/hour, mid-level attorneys $300/hour, and $100/hour for all paralegals), both of which were affirmed in *H.C.*, 71 F.4th 120 (2d. Cir. 2023). *See also M.R.*, 21-cv-5503 (VEC)(SN) (Caproni, J., in *moderately contested* admin. case, assigning $367.50/hour for senior attorneys/founder, $183.75-$210/hour for mid-level attorneys, $168/hour for junior attorneys, $125/hour for paralegal Slaski, and $100/hour for all other paralegals); *J.P.,* 21-cv-10961 (PAE)

---

(xiv) *H.C.,* 20-cv-844 (JLC), 2021 U.S. Dist. LEXIS 113620 (S.D.N.Y. June 17, 2021) (fully briefed Dec. 1, 2020; (a) full demand $92,531.19, (b) DOE Oct. 7, 2020 Offer $40,000.01, (c) ***FEE CAP***: award ($33,981.20 admin. work, $4,003.20 fees on fees, $966.91 costs); **42%** recovery, demand versus award).

(Engelmayer, J., in *uncontested* admin. case, assigning $375/hour for senior attorney/founder, $275-$300/hour mid-level attorneys); *H.W.*, 21-cv-8604 (JLR)(SN) (Rochon, J., in *minimally contested* admin. case, assigning $380/hour for senior attorney/founder, $300/hour for mid-level attorney, $225/hour for junior attorney, $125/hour for senior paralegal and $100/hour for other paralegals); *N.A.,* 21-cv-2643 (PGG) (Gardephe, J., for *uncontested hearing,* $375/hour for senior attorney/founder, $300/hour for mid -level attorneys, $200-$225/hour for junior attorneys, $125/hour for senior paralegals, $100/hour for all other paralegals); *T.A.,* 2022 U.S. Dist. LEXIS 149319 *14 (Woods, J., for *uncontested hearing*: $375/hour for senior attorney/founder, $275/hour for Coretti, $100/hour for paralegals); *F.N.,* 2022 U.S. Dist. LEXIS 148346 at *11 (Oetken, J., for *uncontested hearing*, $375/hour for senior attorneys/founder, $300/hour for mid-level attorney, $250/hour for C. Rooker, $100-$120/hour for paralegals);; *K.L.*, 2013 U.S. Dist. LEXIS 126933, at *22, *aff'd*, 2014 584 F. App'x 17 (Cote, J., $250/hour for senior attorneys/founder); *C.B.*, 2019 U.S. Dist. LEXIS 111636, at *13 (McMahon, J., despite *very contested* administrative hearing, $200/hour for senior attorneys/founder for work performed in federal action*)*.

Even in cases where heavily litigated administrative proceedings are at issue (unlike here, where DOE did not call witnesses or submit exhibits); *see* Hillman Decl., ¶7, courts routinely assign hourly rates to attorneys equal to or far lower than those requested here. For example, while Judge Liman in *M.H. v. DOE*, 20-cv-1923 (LJL) 2021 U.S. Dist. LEXIS 190419 assigned senior attorneys $420/hour, that case was a *highly contested* administrative action, and, the bulk of the billing in that case was for work performed by mid-level attorneys, who were both assigned $280/hour, and by a junior attorney who was assigned $200/hour. *See id.* (Notably, in *A.G.,* Judge Liman assigned one senior attorney $400/hour—$20/hour <u>less</u> than the Court assigned him just two weeks earlier in *M.H.*, noting the lower level of complexity. *See A.G.*, 20-cv-7577.) Further,

in *M.H.* the DOE put on two witnesses, and Plaintiff entered 59 exhibits and put on five witnesses. Conversely, here, Plaintiff entered only 39 exhibits, DOE presented no evidence and put on no witnesses. *See* Hillman Decl., ¶8.

Next, for federal fee application work, AFC/GABF should be assigned even lower rates. Indeed, in *S.F. v. NYCDOE*, 21-cv-11147 (PAE) (S.D.N.Y. July 13, 2023), the Court assigned $200/hr. for all 23.92 hours allowed that were billed by sole biller on the federal action, a senior attorney with 25 years a complex litigation experience.   In a Aug. 4, 2023 Report & Recommendation adopted by Judge Caproni on Sept. 13, 2023, Judge Gorenstein assigned $200/hour for an attorney—with more than 20 years of experience—for work on an IDEA fees matter where:

> the briefs themselves evince a quality of work performed…that does not reflect the level of proficiency that should be expected of an attorney with [25 years complex litigation experience]… Accordingly, … a rate of $200 per hour, commensurate with a junior associate's rate" is appropriate.

*F.R.*, 22-cv-1776 (VEC)(GWG).

In assigning $200/hour for "cookie-cutter" work in a federal IDEA fees action, Judge McMahon stated, "[t]his kind of work requires a low level of skill." *C.B.*, 18-cv-7337 (CM).  When applying a 10% discount to federal rates billed by CLF on a fees motion, Judge Moses stated,

> the work, particularly at the administrative stage, entails 'greater risk and requires 'more skill' than the 'more quotidian' tasks associated with 'negotiating with [DOE] over attorneys' fees and presenting Plaintiff's argument with respect to attorney's fees.' […] Plaintiff is therefore correct that, when determining the reasonable hourly rates for CLF attorneys, 'a higher rate should be awarded for work performed at the IDEA administrative proceedings' than for the same firm's later work in connection with its fee application.

*C.M.,* 21-cv-5799 (VSB)(BCM) (S.D.N.Y. Aug. 29, 2022). *See also L.M.,* 21-cv-11175 (AT)(BCM) (S.D.N.Y. March 14, 2023) (same).   The minimal complexity and low quality of

work present here, *i.e.*, the copy-and-paste[16] nature of AFC/GABF's moving papers, combined

with the underdeveloped arguments made therein support similarly low-end rates in line with the

*S.F.* Opinion and Magistrate Judge Gorenstein's award in *F.R.*

**B.**   ***Johnson* Factors (4) Preclusion of Employment, and (5) Customary Rate, and (6) Fee Structure: AFC/GABF's Rates are Not Customary or Necessary**

First, AFC/GABF provides no evidence that taking this case precluded them from litigating

other cases, and the number of IDEA administrative matters handled by AFC shows that it was, in

fact, not precluded from taking other cases—in fact they allege that through their Pro Bono

Partners Program, they are able to maximize the number of cases they take on. *See* ECF No. 36,

¶6.  Next, Plaintiff asks this Court to recognize the declarations of IDEA and other practitioners in

the S.D.N.Y. (*see* ECF No. 36, ¶13, ECF Nos. 5-7, ECF Nos. 30-33) while, at the same time,

disregard the rates established by recent decisions adjudicating IDEA fees motions in similar cases.

*See* Pl. Mem. at 21.  Judges in this District have repeatedly declined to rely on declarations such

as those relied on by Plaintiff in this matter, noting that such "affidavits…may leave out context

that rationalizes the rates billed." *S.J.* 2021 U.S. Dist. LEXIS 6180 at *9 (internal quotations

omitted).[17]  Nevertheless, Defendant welcomes Plaintiff's invitation to consider the  *Johnson*

factors "holistically" (see Pl. Mem. at 21), because cases adjudicating <u>*non*-IDEA, complex federal

substantive litigation pursuant to Section 1983, the ADA, ERISA and FLSA</u>—procedurally far

---

[16] Compare, for instance, Pl.'s Mem. of Law filed herein with Pl.'s Mem. of Law filed in *S.W.* 22-cv-3592 (LGS)(JW) (ECF No.30); *A.S.*, 23-4580 (JPC)(VF)(ECF No. 36) (same).

[17] *See* also *C.B.*, 2019 U.S. Dist. LEXIS 111636, at *16-17 (same); *E.F.* 2012 U.S. Dist. LEXIS 16394, at *11 (rejecting practitioners declarations as "it appears that …IDEA attorneys engage in a <u>*round-robin*</u>, in which each supports the others' fee applications by providing sworn statements for submission to the Court") (emphasis added); *C.D. v. Minisink Valley Cent. Sch. Dist.*, 17-cv-7632 (PAE), 2018 U.S. Dist. LEXIS 134646 at *17 n.9 (S.D.N.Y. Aug. 9, 2018) (same). *See also M.H.,* 2021 U.S. Dist. LEXIS 190419, at *32 (same); *G.T.,* 2020 U.S. Dist. LEXIS 25557 at *11 (same); *O.R.,* 340 F. Supp. 3d 357 at *365 (same); *R.G.,* 2019 U.S. Dist. LEXIS 166370 at FN 4 (same); *A.D.,* 18-cv-3347 (VEC), 2019 U.S. Dist. LEXIS 47238, at *12n.4 (S.D.N.Y. Mar. 21, 2019) (same).

more complex and difficult than IDEA administrative hearings against the DOE—compel the same conclusion. Unlike complex federal litigation, IDEA administrative proceedings are <u>not</u> governed by the Federal Rules of Evidence, the Federal Rules of Civil Procedure or by the Local Rules for the Southern District. *See* Declaration of Emily Goldman ("Goldman Decl."), dated March 8, 2024, ¶¶6-9. In addition, these administrative proceedings do not involve, *inter alia*, e-discovery, depositions, motions pursuant to Rules 12(b), 12(c), 11, 50, 56, motions *in limine*, jury selection, *voir dire*, or motions notwithstanding the verdict. *See id.*

As recently noted by Judge Abrams, fee awards for civil rights cases in the S.D.N.Y. start around $250/hour and plateau, even in unusually complex and/or high-profile cases, at $650/hour. *Olaechea v. City of N.Y.*, 17-cv-4797 (RA), 2022 U.S. Dist. LEXIS 142037 (S.D.N.Y. Aug. 9, 2022) (collecting cases) (assigning junior attorney $250/hour and senior attorney $450/hour for **Title VII action**). *See also Goodwin v. Hawker Dayton Corp.,* 19-cv-4284 (LGS)(GWG), 2019 U.S. Dist. LEXIS 203159, at *17 (S.D.N.Y. Nov. 22, 2019) (Schofield, J., assigning $325/hour to partners with 10-20 years in **ERISA case**); *Brennan v. City of Middletown*, 18-cv-6148 (PED), 2020 U.S. Dist. LEXIS 120195, at *35-37 (S.D.N.Y. July 8, 2020) (reducing rate for "experienced" civil rights attorney from $450 to $250/hour in **§1983 action**); *Medina v. Bother*, 15-cv-1955 (LAP), 2019 U.S. Dist. LEXIS 156139, at *24 (S.D.N.Y. Sep. 12, 2019) (reducing rate for "competent and seasoned" civil rights attorney from $500 to $400/hour in **§1983 action**); *Guang Ping Zhu v. A Plus Kitchen Inc.*, 16-cv-5767 (VSB)(KNF), 2019 U.S. Dist. LEXIS 91728, at *15 (S.D.N.Y. May 29, 2019) ($400/hour for attorney with 25 years' experience; $325/hour to attorney with 14 years' experience in "simple and straightforward" **FLSA case**); *Swartz v. HCIN Water St. Assocs., Ltd. Liab. Co.*, 17-cv-4187(ER), 2018 U.S. Dist. LEXIS 186255, at *11 (S.D.N.Y. Oct. 31, 2018) (in **ADA case**, reducing rate from $425-$400/hour for attorney with 43 years'

experience—18 years in civil rights—noting "experience, reputation, and ability"); *Durso v. Modern Food Ctr., Inc.*, 17-cv-7324 (LAK)(GWG), 2018 U.S. Dist. LEXIS 101607, at *5 (S.D.N.Y. Jun. 18, 2018) ($325/hour to partner with 15 years' experience in **ERISA case**); *Bowman v. Maygina Realty*, 14-cv-5423 (JMF), 2016 U.S. Dist. LEXIS 87347, at *13 (S.D.N.Y. July 6, 2016) (finding $600/hour excessive for "pedestrian and boilerplate **disability discrimination case;**" assigning $200/hour to attorney with 6 years' experience and $300/hour to attorney with 10 years' experience); *John v. Demaio*, *Sheet Metal Workers*, 13-cv-7741 (PAE), 2015 U.S. Dist. LEXIS 108646, at *24-26 (S.D.N.Y. Aug. 18, 2015) ($300/hour to partner with 42 years' **ERISA** experience; $225/hour to attorney with 5 years' experience).

As Plaintiff has not shown that the work at issue here is in any way comparable to substantive litigation in federal court under ERISA, FLSA, ADA or §1983, the Court should assign hourly rates <u>well below</u> those rates typically assigned to experienced civil rights litigators who practice complex and substantive litigation in federal court.

Finally, while Plaintiff provides no information on their fee structures in this matter, the hourly rates charged here must still be reasonable, were a client to pay them, which they are not.

## C.   *Johnson Factors* **(7) Time Limitations (8) Results Obtained Support Reduced Rates**

Plaintiff has not indicated that any time limitations existed, and to the contrary, billed for fifteen months prior to even filing the Due Process Complaint (*see* ECF No. 36-1, *passim*).  There is no justification, therefore, for an increased hourly rate to offset a non-existent time crunch.  The Parent did <u>not</u> obtain unusually complex relief. *See id.*, ¶6.  In contrast, the FOFD awards tuition and certain services to account for the denial of FAPE during the school years at issue. *See id.*, ¶4. These are common forms of relief typically awarded to plaintiffs in IDEA administrative proceedings. *See id.*, ¶6.

## D.   *Johnson* **Factors (10) Undesirability, (11) Client Relationship, and (12) Awards in**

**Similar Cases: This Matter was Desirable and Similar to Other Cases**

Plaintiff does not allege that the issues in this case were especially novel or difficult, nor does it appear that this matter was 'undesirable.' Rather, this appears to have been a standard action for special education and related services (internal citation omitted)." *T.A.,* 2022 U.S. Dist. LEXIS 36991at *8 (noting that an uncontested administrative action was not more undesirable than the average IDEA case). This was a simple, uncontested IDEA administrative proceeding where Plaintiff presented only two witnesses. *See* Hillman Decl., ¶8. The S.D.N.Y. has assigned hourly rates in dozens of similar matters over the last few years far lower than Plaintiff demands.

Further, it does not matter if IDEA cases are somehow less desirable than other civil rights cases (no evidence of that), or if there are fewer IDEA attorneys than necessary (again, no evidence of that either). Instead, what matters here is whether this case is less desirable when compared to other IDEA cases. Plaintiff has submitted no evidence supporting that assertion.

**E.  The Hourly Rates for AFC Support Staff Should Also Be Reduced**

Without citing any case law or providing resumes in support, GABF seeks a rate of $150/hour for paralegals E. Lee and N. Sielo Arias.[18] S.D.N.Y. Judges consistently assign $100-125/hour for paralegal work. *See H.C.*, 71 F.4th 120, 127(2d. Cir. 2023). Having failed to show some unusual complexity, AFC/LTL should be compensated at no more than $100/hour for paralegal work.

**III.  PLAINTIFF'S BILLING RECORDS REFLECT EXCESSIVE BILLING**

In evaluating fee applications, courts must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *See Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). *See also S.W. v. Dept. of Educ.*, 22-cv-3592 (S.D.N.Y. Sept. 7, 2023) (applying **20%** reduction to 76.1 hours billed by

---

[18] AFC/GABF likewise billed paralegals G. Molina and A. Bai at $150/hour, however they do not seek fees for their work in Plf. Memo.

AFC due to "vagueness" of billing records, among other reductions, totaling a 34.3% overall reduction to AFC's demand). "[A]court may use a percentage reduction 'as a practical means of trimming fat from a fee application.'" *O.R.*, 340 F. Supp. 3d at 367.

### 1) Excessive Billing for the Administrative Proceedings

As the Court is aware, unlike most ordinary fee applications in a federal litigation, Your Honor did not preside over the substantive litigation here, *i.e.*, the IDEA administrative proceeding; nor did the NYC Law Department represent the DOE at that hearing. Even more unusually, Plaintiff is represented in this fees action in part by GABF, a firm that did not work on the hearing. Thus, it can be difficult to gauge the credibility of the administrative billing entries at issue here. Defendants have responded to this challenge by reviewing the 7-page administrative billing records closely to highlight specific cases of overbilling, some of which speak to larger patterns.

AFC overbills at every stage of the administrative process, and seeks fees for 196 hours of attorney time a for one administrative proceeding. *See* ECF No. 29 at 17. This amount of time is unreasonable for an uncontested matter, and double what courts have determined to be unreasonable for uncontested proceedings. *See R.M. v. DOE*, 21-cv-11210 (PGG)(VF) 2024 U.S. Dist. LEXIS 26152 at *22, (S.D.N.Y. Jan. 22, 2024) (R&R recommending 20% reduction to time billed for uncontested administrative proceeding, "Courts have repeatedly concluded that hours akin to the 102 hours billed…in this [uncontested] administrative proceeding were excessive where the IDEA case raised straightforward issues, as was the case here")(citing cases).

The additional complexity of a *contested* hearing comes in preparing to rebut Defendant's arguments, but here Defendant did not present even a single witness nor an exhibit. While the hearings took over three hours, those factors do not justify such a large expenditure of time. In *N.L.-C. v. N.Y.C. Dep't of Educ.*, 20-cv-8243(ER) (S.D.N.Y.) Mar 18, 2022) 2022 U.S. Dist. LEXIS 48720, at *12, Your Honor found that 55 total hours (46 hours of attorney time and 9 hours

of paralegal time) was reasonable for an uncontested administrative action, where DOE did not inform Plaintiff of their decision not to put on a case until the day of the hearing—which is not the case here. Rather, Defendants informed Plaintiff that they did not intend to put on a case on December 17, 2019, four months before the administrative hearing. While the hearings in *N.L.-C* involved shorter hearing time, Plaintiff presented 6 witnesses, more than the number of witnesses presented here, therefore straining the credibility of AFC spending nearly four times the amount of attorney time here while also underutilizing paralegal and support staff.

### i) Excessive Vague Entries

Much of AFC/GABF's billing records are so vague and ambiguous, it is often difficult to determine to what work a particular entry pertains. *See* Hillman Decl., ¶15, Howland Decl., ¶29. Courts have applied large reductions in IDEA fee applications to account vague billing records, which "preclude meaningful review in order to identify excessive, redundant or otherwise deficient entries." See *S.W. v. N.Y.C. Dept. of Educ.*, 22-cv-3592 (S.D.N.Y. September 7, 2023) at 17 (Schofield, J., applying a 20% reduction to hours worked by AFC on the administrative proceeding based on the "vagueness" of AFC's billing records) (citing *Raja v. Burns*, 43 F. 4th 80, 87 (2d Cir. 2022).

### ii) Excessive Billing Too Far in Advance of the Due Process Complaint

Courts regularly reduce time billed prior to the filing of the DPC when that work is too attenuated from the administrative action to be useful. Here, AFC began billing in case No. 185855 on October 5, 2018 for ambiguous tasks involving various Student records and evaluations (see, discussion vague billing entries, *infra*), more than fifteen months before the filing of the DPC. (ECF No. 36-1, *passim*). *See* Howland Decl., ¶¶7-11. During this period, N. Wallach alone billed 78.6 hours ($22,794.00). Defendant regularly resolves IDEA fees-only administrative actions

wherein Plaintiff's counsel litigated the entire action for far less than 78.6 hours. *See* Declaration of Emily Goldman ("Goldman Decl."), dated March 8, 2024, ¶11.

In *M.D.*, the Court reduced 84.4 billed hours by 20%, based on finding that 14.8 hours of work performed before filing the Request was unreasonable. *M.D.*, 2021 U.S. Dist. LEXIS 132930, at *13; see also *H.C.*, 2021 U.S. Dist. LEXIS 113620, at *22.

### iii)   Excessive Use of 0.1 Entries

Out of 399 AFC billing entries for the administrative proceedings, 149 are in 0.1 hour increments (37% of billing). *See* Howland Decl., ¶¶19-21 . Courts regularly apply large reductions to excessive 0.1 entries. *See Andert v. Allied Interstate, LLC,* 2013 U.S. Dist. Lexis 10422 (S.D.N.Y., July 13, 2013) (PAC)at *9 (fee award reduced by 70%, due to 0.1 billing). *See also H.A. v. N.Y.C. Dep't of Educ.*, 2022 U.S. Dist. LEXIS 33561 (S.D.N.Y. Feb. 25, 2022) ("The Court's assessment is that a reasonable paying client would expect a timekeeper to consolidate such tasks into a single time entry, rather than paying for a series of 0.10-hour time entries, each for a task that likely could likely have been discharged in seconds. It follows that it is not reasonable to expect DOE to absorb such costs." *Id.* at 25-26).

This additional "billing for tasks that take no "*more than a few moments*" (Judge Daniels in *Canaveral v. Midtown Diner  NYC, Inc.,* 2019 U.S. Dist. Lexis 151080 (S.D.N.Y. Sep. 5, 2019) (GBD) allows AFC to achieve an incredible windfall, while making it significantly harder for Defendant and the Court to determine which billed time was reasonable. For example, if each 0.1 task took closer to one minute of time instead of the purported 6 minutes, N. Wallach's *de facto* compensation rate in this matter is $1,740.00/hour ($29.00 x 60 = $1,740.00). To illustrate this point, between August 21 and August 30, 2019, Wallach billed 1.0 hour in .1 increments for status emails, often to the same recipient on the same day, regarding "hearing officer", "due process," and "placement." *See* ECF 36-1 at 8. This strongly suggests a business model that is thoroughly

infected with "abusive billing practice[s]" (Judge Englemayer in *T.P. v. NYCDOE*, 22-cv-9413 (PAE) (S.D.N.Y. March 7, 2024) at 19).  Not only do these entries overbill for tasks that took less than six minutes, but no attorney should charge their client an attorney rate for administrative tasks.

### iv)   Excessive Billing for Due Process Complaint

AFC billed a staggering 25.5 hours to draft, review and review the 10-page due proceed complaint ("DPC") for IHO Case Number 185855. This amount of time is exclusive of the additional 7.3 hours ($2,117.00) billed for document review prior to filing the DPC.

Courts have made reductions for excessively billing for preparing hearing requests.  Just yesterday, Judge Engelmayer underscored the grossly excessive billing, by an IDEA firm:

> In several respects, Cuddy Law Firm's fee request reflects excessive or unjustified billing. First, the DPC consisted of seven pages and largely constituted a chronological recitation of T.P.'s educational history. DPC 1–3. T.P.'s attorneys billed more than 13.5 hours to drafting the DPC and discussing edits to the same, *see* Cuddy Decl., Ex. 19 at 1–13, a <u>dismayingly outsized amount of time for a relatively rote task</u>. Considering the number of hours other courts have awarded Cuddy Law Firm for drafting routine DPCs, *see, e.g.*, *L.L. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 2515 (JPO), 2022 WL 392912, at *4 (S.D.N.Y. Feb. 9, 2022), *aff'd sub nom. H.C.*, 71 F.4th 120 (2d Cir. 2023) (reducing Cuddy Law Firm's time working on a nine-page DPC to nine hours); *R.G.*, 2019 WL 4735050, at *4 (reducing Cuddy Law Firm's time spent on drafting a three-page DPC to 1.5 hours), a sizable reduction is well warranted here.

*T.P.*, 22-cv-9413 (ECF 39 at 18) (emphasis added).  The DPC here is the same: a "chronological recitation of [B.A.J.]'s educational history." *Id.*  Yet, the ration of hours billed to page numbers is even worse than in *T.P.*: here it is 2.5:1, in *T.P.* it was 2:1.

Indeed, Your Honor, in *B.C.*, 21-cv-2840 (ER) (S.D.N.Y. Aug. 9, 2022), 2022 U.S. Dist. LEXIS 142136, at *22, applied a 25% reduction to administrative hours in part due to excessive time billed prepare the DPC (billing 10 hours to draft 7 page DPC, not including 12 hours for document review).  And in *M.M. v. NYCDOE*, (ER) (S.D.N.Y. Aug. 2, 2022) 2022 U.S. Dist. LEXIS 137319, at *26-29, Your Honor applied a 20% reduction to administrative hours in part due to excessive time billed. *See also J.P.*, at *20-21;  *R.M.*, 2024 U.S. Dist. LEXIS 12156, at *21-23; *M.D.*, 2021

U.S. Dist. LEXIS 132930, at *13; *H.C.*, 2021 U.S. Dist. LEXIS 113620, at *22; *M.B.,* 22-cv-6405

(JPC)(SN) 2024 U.S. Dist. LEXIS 13836 at *17.  The ratio of hours billed/DPC page count is even

higher for the DPC at issue in IHO Case No. 185855 than the DPC in *B.C.* the ratio of hours billed

to page count is significantly higher. Thus, a significant reduction is warranted for this time alone.

**v)   Excessive Billing for Hearing Preparation**

   AFC billed excessively for hearing preparation, a billing practice for which Your Honor and

has made reductions to hours billed. *See e.g. B.C.*, 2022 U.S. Dist. LEXIS 142136, at *22 (Your

Honor reducing time billed for administrative proceeding by 20%, in part due to excessive time billed

for hearing preparation). As *A.D.*, 2019 U.S. Dist. LEXIS 47238, at *11 (S.D.N.Y. Mar. 21, 2019)

established, a 1.5:1 ratio of minutes of prep time to minutes of hearing time is appropriate in

uncontested matters (such as here).  Even assuming, *arguendo*, that the subject hearing was very

contested, the ratio present here greatly exceeds the 3:1 ratio that *J.S. v. Carmel Cent. Sch. Dist.*,

2011 U.S. Dist. LEXIS 82169, at *20 (S.D.N.Y. July 26, 2011) found appropriate for a 7-hour

hearing, and more than double the 7:1 ratio Judge McMahon found appropriate in the very

contested *C.B. v. New York City Dep't of Educ.,* 2019 U.S. Dist. LEXIS 111636, at *27-28.

   Here, to prepare for the 3 hour and 13  minute meeting on April 28, 2020, and for which

Plaintiff had 4 month's advance notice of Defendants' intent not to put on a case, AFC billed 71.3

hours ($21,279.00). *See Howland Decl.,* ¶22. This amount of time translates to an impermissibly

high prep to hearing ratio of almost **22:1.** *See id.*,¶22.  Moreover, AFC/GABF offers no evidence

to support such an egregious expenditure of hours preparing for the administrative hearing, more

than double the prep to hearing ratio Judge Englemayer admonished just yesterday: absent

justification, a ""preparation-to-proceeding" ratio of nearly 10:1 is unreasonably high" (internal

quotes omitted)(reducing hour billed for hearing preparation by 50% to "align with the

preparation-to-proceeding ratio of between 5:1and 6:1 in similar cases") *T.P.,* 22-cv-9413 (PAE) at 18.   This Court should chop those 71 hours billed down to no more than 18 (for a 6:1 ratio).

While these are only a handful of examples of AFC excessive billing practices, they establish that AFC consistently seeks compensation for work no reasonable client would pay for.  This Court should apply an additional 30% reduction to the hours billed in consideration of these practices.

### 2)   Excessive Billing for the Federal Action

Here, AFC/GABF requests $11,060.00 for 42.3 hours on what is a simple fees application, chock full of recycled moving papers. *See* ECF No. 29 at 21-22. The amount sought here should be drastically reduced, if not denied <u>entirely</u>.  We've been here before.  Magistrate Judge Parker, as adopted by Judge Torres, cut AFC/MoFo's federal time by 75% due to excessive billing practices. *See D.B. v. NYC DOE* (S.D.N.Y. Sept. 20, 2019) U.S. Dist. LEXIS 68880 at*19 (75% reduction to 110 hours billed by AFC pro-bono partner for federal action). *See also e.g. S.J. v. NYCDOE,*) (S.D.N.Y. Jan. 12, 2021) U.S. Dist. LEXIS 6180 at * 12, *aff'd* (2d. Cir., May 4, 2022) (adopting recommendation to reduce hours expended on federal litigation by 50% from 112 hours), *M.D. v. NYCDOE*, 21-cv-9180 (LGS)(KHP) (S.D.N.Y March 17, 2023) U.S. Dist. LEXIS 193659 at *32 (adopting 40% reduction, from roughly 43 attorney hours to 26).

The moving papers submitted here are very similar to those submitted in *S.W.* (*see* Rebecca Shore Decl., *passim*; *see also* Howland Decl., *passim*), yet here, AFC/GABF bills thousands of dollars despite the paralegal nature of that copy-paste work, which in reality takes very little time to perform.  Nonetheless, AFC/GABF continues to bill time as if the arguments and drafting presented here are novel and complex.  AFC/GABF should be denied <u>any</u> recovery for work purportedly performed on the federal action  or, alternatively, a non-green eye shade 80% reduction should be applied across the board for the federal work.

As discussed, *supra*, Judge Torres recently reduced all assigned hourly rates for work on a simple fees motion by 10% in *L.M.* 21-cv-11175 (AT)(BCM) (S.D.N.Y. March 14, 2023) (adopting M.J. Moses' R&R reducing attorney hourly rates for federal action work by 10%). This Court should apply that same reasoning here[19], where the same firm—AFC—has repeatedly prosecuted nearly identical simple fee applications, thereby warranting a junior attorney rate for all work performed.

### i)   Overbilling for Drafting the Complaint and Initiating Documents

AFC/GABF billed excessively for initiating the instant federal action.  Here, the 7-page boilerplate complaint purportedly took 14.6 hours to prepare and file. *See* Moraru Decl., ¶11.  The complaint contains 36 numbered paragraphs and only two causes of action. *See* ECF No. 1.  Most of the drafting consists of a completely unnecessary retelling of the procedural history of the administrative proceedings, copied from the DPC and Findings of Fact and Decision ("FOFD").

AFC/GABF's fees for drafting the complaint should thus be reduced to 0.7 hours. See *R.G.*, 2019 U.S. Dist. LEXIS 166370 (Judge Caproni reduced time spent drafting the federal complaint from 2.6 hours to 0.7 hours); *see also C.B.*, 2019 U.S. Dist. LEXIS 111636 (Judge McMahon reduced time spent drafting federal complaint from 1.5 hours to 0.7 hours).

### ii)   Overbilling for Drafting Letter Submissions to the Court

R. Shore and N. Ades egregiously over bills for routine letters to the Court. *See* Moraru Decl., ¶¶22-24. N. Ades and R. Shore billed a combined 1.5 ($420.00) hours to  draft Plaintiff's portion of  bifurcated joint status letter, comprising five paragraphs of Plaintiff's counsel's account of the chronology of the instant action. Even more confounding is the 1.7 hours billed by N. Ades to draft a two-paragraph, half page letter (ECF No.22) to the Court opposing Defendant's request to

---

[19] Or, in the alternative, assign $200/hour for all attorney time as discussed *infra*, at fn. 10.

adjoura a case management conference. These are routine letters drafted in IDEA fees cases, and should take less than one hour.

### iii) Overbilling for Memorandum of Law ("MOL") and Declarations

R. Shore, B. Kitchelt and N. Ades together billed 19.3 hours on drafting and revising the MOL and accompanying declarations and Rule 56.1 statement, which is excessive, given the boilerplate nature of the moving papers. *See* Howland Decl., ¶21. Indeed, the MOL at issue is an amalgamation of the MOLs filed in *A.S.*, 23-4580 (JPC)(VF) (ECF No. 36), and *S.W.,* 22-cv-3592 (LGS)(JW) (ECF No. 44.). Like those previous filings, Plaintiff's MOL contains an 8-page recitation of the same academic and procedural history contained in the hearing request and roughly 10 pages of argument concerning the prevailing rates among IDEA fees practitioners. *See id.* Many of the pages in the MOL here have been recycled from *S.W.* and *A.S.*

### <u>CONCLUSION</u>

In the Second Circuit, district courts must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." *Arbor Hill I*, 493 F.3d at 117-18 (internal quotes omitted) (emphasis added). Defendant respectfully submits that Plaintiff be awarded attorneys' fees and expenses in an amount not to exceed **$32,724.55,** and that Defendant be awarded such other relief as the Court deems appropriate.

Dated:       March 8, 2024
             New York, New York


                          _____/s/_____
                          Lauren Howland, Esq.
                          *Attorneys for Defendant*
                          (212) 356 2016-