UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

L.J. individually and on behalf of her child B.A.J.,

a child with a disability,

                                         Plaintiffs,

                                                                                                                     23-cv-7267 (ER)(SDA)

       -against-

NEW YORK CITY DEPARTMENT OF EDUCATION ,
NEW YORK CITY BOARD OF EDUCATION, and
DAVID BANKS, in his official capacity as Chancellor of
the New York City Department of Education,
                                        Defendants.

------------------------------------------------------------------------X

# DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS

In accordance with Local Rule 56.1 and Rule 56 of the Federal Rules of Civil Procedure, Defendants, New York City Department of Education ("DOE"), New York City Board of Education, and David Banks in his official capacity as Chancellor of the New York City Department of Education, by their attorneys, Corporation Counsel of the City of New York, the Hon. Sylvia O. Hinds-Radix, as and for its response to Plaintiffs Statement of Undisputed Material Facts ("Plf. Statement of Facts") (ECF No. 28),

      1.        No genuine issue of fact to be tried.

      2.        No genuine issue of fact to be tried.

      3.        No genuine issue of fact to be tried.

      4.        No genuine issue of fact to be tried.

      5.        No genuine issue of fact to be tried.

6. No genuine issue of fact to be tried.

7. No genuine issue of fact to be tried.

8. No genuine issue of fact to be tried.

9. No genuine issue of fact to be tried.

10. Defendants specifically controvert this fact. (See Hillman Decl. ¶ 4).

11. No genuine issue of fact to be tried.

12. No genuine issue of fact to be tried.

13. No genuine issue of fact to be tried.

14. No genuine issue of fact to be tried.

15. No genuine issue of fact to be tried.

16. No genuine issue of fact to be tried.

17. No genuine issue of fact to be tried.

18. No genuine issue of fact to be tried.

19. No genuine issue of fact to be tried.

20. No genuine issue of fact to be tried.

21. No genuine issue of fact to be tried.

22. No genuine issue of fact to be tried.

23. Defendants specifically controvert this fact. (See Hillman Decl. ¶ 5).

24. Defendants specifically controvert this fact. (See Hillman Decl. ¶ 5).

25. No genuine issue of fact to be tried.

26. No genuine issue of fact to be tried.

27. Defendants specifically controvert this fact. (See Howland Decl. ¶¶ 22-24).

28. Defendants specifically controvert this statement insofar as it states that time was saved as described. (See Howland Decl. ¶¶ 22-24).

29. No genuine issue of fact to be tried.

30. No genuine issue of fact to be tried.

31. No genuine issue of fact to be tried.

32. No genuine issue of fact to be tried.

33. No genuine issue of fact to be tried.

34. No genuine issue of fact to be tried.

35. No genuine issue of fact to be tried.

36. No genuine issue of fact to be tried.

37. No genuine issue of fact to be tried.

38. No genuine issue of fact to be tried.

39. No genuine issue of fact to be tried.

40. No genuine issue of fact to be tried.

41. No genuine issue of fact to be tried.

42. No genuine issue of fact to be tried.

43. Defendants specifically controvert this statement insofar as it suggest bad faith on the part of Defendants. (*See* Moraru Decl., Ex. A).

44. No genuine issue of fact to be tried.

45. No genuine issue of fact to be tried.

46. No genuine issue of fact to be tried.

47. No genuine issue of fact to be tried.

48. No genuine issue of fact to be tried.

49. No genuine issue of fact to be tried.

50. No genuine issue of fact to be tried.

51. Defendants specifically controvert this statement insofar as it suggests bad faith on the part of Defendants. (*See* Moraru Decl., Ex. A).

52. No genuine issue of fact to be tried.

53. No genuine issue of fact to be tried.

54. Defendants specifically controvert this fact insofar as it suggests impropriety on the part of Defendants. To the contrary, Defendants, in an effort to conserve judicial resources and avoid further costs to the parties, advised the Court in their letter dated January 11, 2023 that after making a valuation of attorney fees for this matter and having presented Plaintiff with a reasonable offer, a settlement conference would be unfruitful. (See ECF No. 21).

55. Defendants specifically controvert this fact insofar as it misrepresents that the Court ordered the parties to brief this motion "[b]ecause Defendants refused to proceed to a settlement conference." Plf. Statement of Facts, ¶55. The Court had discretion to schedule a settlement conference[1], and after discussion with the parties regarding the history of settlement discussions in this matter[2], the Court used its discretion and ordered a briefing schedule. (*See* Minute Entry dated Jan. 12, 2024).

---

[1] *See* Z.C. v. New York City Dep't of Educ., 23-cv-8399 (JHR)(VF) (Figueredo, J., IDEA fees matter involving same Plaintiff's counsel, scheduling a settlement conference following case management conference where Defendants presented similar argument as to its futility, having previously presented Plaintiff with a fully-valued written offer) (ECF Nos. 18-22)

[2] Indeed, perhaps the Court was persuaded by the futility of a settlement conference here, in that, the most significant delay frustrating settlement for this matter was Plaintiff's own, having waited nearly 10 months—despite several attempts by DOE to solicit a response—to provide a counter-offer to DOE's November 30, 2021 offer.

Dated: March 8, 2024
        New York, New York

                                                **Hon. Sylvia O. Hinds-Radix**
                                                Corporation Counsel of the
                                                City of New York
                                                *Attorney for Defendant*
                                                100 Church Street
                                                New York, New York 10007
                                                (212) 356-2016
                                                LHowland@law.nyc.gov

                                            By:      /s/_____
                                                         Lauren Howland, Esq.
                                                        Assistant Corporation Counsel