UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

L.J. individually and on behalf of her child B.A.J.,
a child with a disability,

                                  Plaintiffs,         **DECLARATION**

                                                         23-cv-7267 (ER)(SDA)

        -against-

NEW YORK CITY DEPARTMENT OF EDUCATION ,
NEW YORK CITY BOARD OF EDUCATION, and
DAVID BANKS, in his official capacity as Chancellor of
the New York City Department of Education,
                                           Defendants.

------------------------------------------------------------------------X

**ARMELLE HILLMAN**, under penalty of perjury, declares pursuant to 28 U.S.C. § 1746 that the following statements are true and correct:

1. I am an Attorney in the Special Education Unit within the New York City Department of Education ("DOE") Office of the General Counsel, and have worked in this capacity since 2018. I submit this Declaration in opposition to Plaintiff's Motion for Summary Judgment.

2. I am familiar with the facts and circumstances set forth in this declaration based upon my personal knowledge, which includes, but is not limited to, my review of DOE and court records, as well as my personal experience handling special education matters for the DOE.

3. My work for the DOE consists primarily of handling fees demands, such as those made in this case. Based upon my experience, the invoice submitted in connection with the underlying claim at issue included excessive hourly rates.

4. On August 21, 2019, the Parent, through her attorney, Advocates for Children, filed a due process complaint (DPC), alleging that the Department of Education (DOE) denied the Student of a free appropriate public education (FAPE) for the 2012-2013 through the 2019-2020 school years, and requested that the DOE fund tuition at a school unilaterally chosen by the parent, including meals, uniforms and transportation for the 2019-2020 school year, and fund compensatory academic tutoring (including transportation) to compensate for the prior 7 years, and that the DOE revise the Student's individual education program ("IEP") to include speech language therapy (SLT), counseling, parent counseling and training, individual special education teacher support services on a 12-month, extended school year, going forward.

5. Upon review of the record, it appears that while the DOE was investigating this claim, hearings were adjourned three times: both parties requested extensions on September 23, 2019 and December 2, 2019, and the Parent requested an extension on January 5, 2020. Upon completion of its investigation, the DOE ultimately recommended that this claim proceed to hearing.

6. On August 26, 2019, Impartial Hearing Officer ("IHO") John Farago was appointed.

7. The impartial hearing was not extensive or complex. The DOE minimally contested the case. The requested relief was similar to many other matters that the DOE handles, including cases brought by Plaintiffs' counsel.

8. On April 28, 2020, IHO Farago held a three hour and thirteen-minute hearing. District Representative Marla Pierre appeared for the DOE and attorneys Nicole Wallach and Matthew Lenaghan of AFC appeared for the Parent. Two witnesses appeared for the Parent. The Parent attended the hearing along with two interpreters. The DOE cross-examined the Parent's witnesses.

9. On September 27, 2020, IHO Farago issued a Finding of Fact and Decision ("FOFD"), corrected on October 30, 2020. In the FOFD, the IHO found a deprivation of FAPE for four school years: 2015-2016, 2016-2017, 2017-2018 and 2018-2019. The IHO, however, determined that an appropriate compensatory remedy would look back to the 2012-2013 school year. As relief, the IHO ordered the DOE to:
    (1) place the student at the private school identified unilaterally by the family for the entirety of the 2019-20 school year;
    (2) reimburse the family or their out of pocket costs for the child's placement (inclusive of the costs, if any, of all items that would routinely be included on the student's IEP pursuant to law and regulation, such as related services, augmentative equipment, and special education transportation, and school meals) from the start of the 2019-2020 school year to its conclusion, if any;
    (3) pay directly to the school any outstanding amount as yet unpaid for the program and services for that period;
    (4) fund 1,300 hours of 1:1 tutoring services; and
    (5) provide MetroCards to the parent and the student to cover transportation to and from the compensatory services ordered.

10. On January 11, 2021, AFC submitted to the DOE a demand for attorneys' fees and expenses related to the impartial hearing litigation, in the amount of $53,992.50, broken down as follows:
    -Nicole Wallach: 151.0 hours at a rate of $270 per hour ($40,770.00);
    -Nicole Wallach travel 3.40 hours at a rate of $135 per hour ($459.00);
    -Matthew Lenaghan 12.10 hours at a rate of $420 per hour ($5,082.00)
    -Annys Bai 0.30 hours at a rate of $150 per hour ($45.00);
    -Diana Aragundi 4.20 hours at a rate of $270 per hour ($1,134.00);
    -Gardenia Molina 10.90 hours at a rate of $150 per hour ($1,552.50);

      -Rita Rodriguez-Engberg 13.20 hours at a rate of $375 per hour ($4,950.00);

11. On January 11, 2021, I was assigned to review this demand for attorneys' fees.

12. On September 27, 2021, the DOE offered $25,000 to settle this claim. On July 24, 2023, the DOE made its highest offer of $36,000. The Plaintiff did not respond to this offer.

13. On August 16, 2023, AFC filed the instant federal action before the DOE could make an offer of settlement.

14. Based on my review of case law and my experience reviewing and negotiating fee claims for the DOE, the rates sought by counsel are excessive and do not comport with controlling law.

15. By way of example, although Nicole Wallach billed at an hourly rate of $270, the courts in this district have assessed $225. See M.D. v. N.Y.C. Dep't of Educ., *No. 17-CV-2417*, 2018 WL 4386086, at *3 (S.D.N.Y. Sept. 14, 2018) (in IDEA case, awarding $200 for junior associates); C.D. v. Minisink Valley Central School District, 2018 WL 3769972, at *7 (SDNY Aug 9, 2018)("[f]or associates with three or fewer years of experience in such litigation, courts in this District have typically approved rates of $150–$275."). In addition, Ms. Wallach's hours appear overbilled including 2.1 hours of vague billing entries; 12.5 hours of clerical and/or secretarial tasks; and excessive billing of 19.30 hours billed to draft the 10-page DPC. The Department also recommends a 15% across-the-board deduction of her remaining hours because even granting the additional hours required to prepare a case involving multiple school years, such as this one, the number of hours billed for hearing preparation must be reasonable. See A.D. v. New York City Dep't of Educ., 2019 WL 1292432, *6 (S.D. N. Y. March 21, 2019) ("[B]earing in mind that the due-process hearing lasted only 3.9 hours altogether . . . the Court finds that the 16.2 hours Plaintiff requests for hearing preparation are grossly excessive.").

16. Although Rita Rodriguez-Engberg billed at an hourly rate of $375 per hour, at the time of the administrative action she had approximately 4 years of special education law experience. The courts in this district have assessed attorneys at her experience level at $300 per hour. See C.D. v. Minisink Valley Cent. Sch. Dist., No. 17 Civ. 7632, 2018 WL 3769972, *7 (S.D.N.Y. Aug. 9, 2018) (awarding an attorney with "more than 10 years " of overall legal experience, but only 4-5 in special education, a rate of $300 per hour, citing the attorney's relatively minimal experience in special education); M.W. and D.B.-W. v. School Dist. of Philadelphia, CA No. 15-5586, 2016 WL 3959073, *5 (E.D.P.A. July 22, 2016)(in a special education case, awarding $300 for an attorney with 10 years, but only 3 in special education).

17. By way of example, Matthew Lenaghan overbilled 2.0 hours for his attendance at the April 28, 2020 hearing conducted by the junior attorney, Ms. Nicole Wallach. Although it is reasonable for a senior attorney to supervise a junior attorney, there is limited cost-saving when multiple attorneys attend the same hearing, therefore it is reasonable to deduct most of Mr. Lenaghan's time. The remaining hearing time reflects Mr. Lenaghan's limited participation on

the record in the hearing.  *See* <u>M.M. v. School District of Philadelphia</u>, 142 F.Supp.3d 396, 408 (E.D. Pa. 2015) (reducing but not eliminating billing where both senior and junior attorney attended same hearing) ("communications between senior and junior attorneys are appropriate and contribute to the overall reduction of costs of litigation with the junior attorney performing most of the work.").

18. Although Gardenia Molina billed at an hourly rate of $150, the courts in this district have assessed paralegal rates at $100-$125. Ms. Molina was an intern with no specialized qualifications, therefore $125 per hour is a more reasonable rate.  *See* <u>L.L. obo S.L. v. NYC Dept. of Educ.</u>, 20-cv-2515 (JPO), 2022 WL 392912, at *4 (S.D.N.Y. Feb. 9, 2022) (awarding paralegals a rate of $100 per hour); <u>H.A. obo M.A. v. NYC Dept. of Educ.</u>, 20 Civ. 10785 (PAE), 2022 WL 580773, at *8 (S.D.N.Y. Feb. 25, 2022) (awarding a rate of $125 to paralegal with Bachelor's Degree and more than a decade of experience); <u>G.T. obo C.T. v. NYC DOE</u>, No. 18 Civ. 11262, 2020 WL 1503508 (S.D.N.Y. March 30, 2020), adopting recommendation of Magistrate Judge Barbara Moses (awarding a rate of $100 per hour for a paralegal with one year of experience; and $150 per hour to a paralegal with 13 years of relevant experience);

Dated: New York, New York
       March 8, 2024

Armelle Hillman, Esq.